Blakeley et al. vs. The Phœnix Insurance Company.

---

BLAKELEY and others vs. THE PHŒNIX INSURANCE COMPANY.

*Insurance policy—Condition precedent—Copy of written portion of other policies to be given by assured, with notice of loss.*

1. A policy of insurance against fire provided that in case of loss the assured should give immediate notice, and as soon as possible render under oath a particular account of such loss, "stating whether any and what other insurance has [had] been made on the said property, *giving copies of the written portions of all policies thereon.*" *Held*, that the furnishing of such copies was a *condition precedent*, without the performance of which (if not waived by the company) no recovery could be had on the policy.

2. The affidavit of loss in this case stated that "there were three hundred dollars additional insurance made on the property, viz., a policy believed to be dated January 27th, 1863, and numbered 6,736, in the Mechanics' Mutual of Milwaukee, Wis., on the building;" and that the assured was unable to furnish a written copy thereof, because the policy had been mislaid, and the company had no record of the written part of it. *Held*, that this was not such a compliance with the condition precedent above stated as to render the defendant liable.

APPEAL from the County Court of *Milwaukee* County.

Action against the *Phœnix Insurance Company*, of Hartford, Connecticut, on an insurance policy issued to the plaintiff *De Demor* on his property, and payable in part to the other plaintiffs, *Joseph* and *William Blakeley*. The statement in the opinion shows sufficiently the point on which the case turned, both in the court below and in this court. The county court held that the requirement in the policy sued on, in respect to giving a copy of the written portion of any other policy upon the property, was a condition precedent to plaintiff's right of recovery; and that the same had not been waived by defendant; and rendered judgment for the defendant; from which the plaintiffs appealed.

*A. C. Frazer*, for appellants :

The clause in question does not amount to a condition precedent. It is not a separate and independent condition. It seems to be parenthetic or explanatory, and to have been inserted merely to point out a mode of performance of the requrement preceding it. The provision requiring a statement of other policies is the principal one; the clause under consideration is purely incidental to that, and employed to suggest a convenient and suitable mode of stating such other insurances. The substantial requirement then is, that the assured shall, in his account of the loss, state what other insurance has been made on the property, either by giving an intelligible description of the policies, or by giving copies of the written portions thereof. A contract which points out a mode of performance, and stipulates for the manner of payment in the event of that mode being adopted, will not be so construed as to prevent a party who performs it in a way different from that specified from maintaining an action thereon. Chitty on Con. (9th Am. ed.), 82 ; *Meneiaff v. Reade*, 7 C. B., 152; *S. C.*, 18 L. J., 145 ; *Roe v. Tranmer*, 2 Wils., 75. The requirement is merely directory, and a non-compliance would not be a fatal breach on the part of the assured. *Ætna Ins. Co. v. Miers*, 5 Sneed

(Tenn.), 139. But construing the clause as a condition precedent, counsel insisted that a *substantial* compliance was all that would be required; and that a statement of the substance of the written portion of any policy, as was done in this case, was such a substantial compliance with the condition. (a). Conditions in policies of insurance should receive a reasonable construction, and as near the apparent intent of the parties as may be consistent with the terms employed, taking into consideration the motives that led to their insertion and the object intended. *Bumstead v. Ins. Co.*, 2 Kern., 81, 92; *McLaughlin v. Ins. Co.*, 23 Wend., 527; *Turley v. Ins. Co.*, 25 id., 374, 367. (b.) They should be construed as requiring only good faith on the part of the assured, and the best information he can procure, so as to secure to the underwriters all the substantial benefits of the contract. *Talcot v. Ins. Co.*, 2 John Rep., 130; *Haff v. Ins. Co.*, 4 id., 132; *Barker v. Ins. Co.*, 8 id., 307; *Lawrence v. Ins. Co.*, 11 id., 241; *Lenox v. Ins. Co.*, 3 Johns. Cas., 224; *Catlin v. Ins. Co.*, 1 Sumner, 434; *Norton v. Ins. Co.*, 7 Cow., 645; *McLaughlin v Ins. Co.*, 23 Wend., 525–6; *Turley v Ins. Co.*, 25 id., 374; *Child v. Ins. Co.*, 3 Sandf. (S. C.), 26; *Bumstead v. Ins. Co.*, 2 Kern., 81, 92; *Smith v. Gugerty*, 4 Barb., 614. (c.) Requirements of the by-laws in regard to conditions to be performed by the assured, need not be literally adhered to in cases free from fraud. *Ætna Fire Ins. Co. v. Tyler*, 16 Wend., 385, 391, 401; *Bumstead v. Ins. Co.*, 2 Kern., 81, 92; 2 Hall, 589.

*Mat. H. Carpenter*, for respondent, cited Angell on Ins., sec. 225; *Wood v. Worsley*, 2 H. Bl., 574, reversed in *Worsley v. Wood*, 6 Term, 710; Marshall on Ins., 707; *Columbian Ins. Co. v. Lawrence*, 10 Pet., 507.

The following opinion was filed at the June term, 1865:

DOWNER, J. The policy of insurance provides that in case of loss "the assured shall forthwith give notice of said loss to the said company, and as soon after as possible render a partic-

ular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the said property, *giving copies of the written portions of all policies thereon.*" The insured, in his affidavit of the loss, states: "there were three hundred dollars additional insurance made thereon by the following company, viz: A policy *believed* to be dated January 27th, 1863, and numbered 6736, in the Mechanics' Mutual, of Milwaukee, Wisconsin, on the building. That he is unable to furnish a written copy thereof, the policy having been mislaid; and the secretary of the company says he has no record of the written part of said policy."

It is insisted that the insured should have given, under oath, as part of the preliminary proofs, a copy of the written portion of the policy for three hundred dollars; and that, he not having done this, the plaintiffs cannot recover. It seems to us that this position is well taken. The giving of the copy was a condition precedent. The counsel for the plaintiffs has very ingeniously argued that the words requiring the copy only pointed out one of the modes in which information of the additional insurance might be given, and that any description in the affidavit giving truly the amount, number, date of the policy, and name of the company which issued it, was sufficient. It is true that the policy provides that the insured shall state what other insurance has been made on the property; and in making this statement he may give all the information which the copy of the written portion of the policy would contain. But it does not follow that there is not in any case any advantage to the company from the clause requiring the copy. We see not why the company may not make it a condition precedent that the information shall be given in a particular mode, even though it adopted an arbitrary, and, as it might appear to us, a useless rule. It is not our province to make conditions or agreements for the parties, but so to construe those made by themselves as not to fritter away the rights of either party. It appears to us that the provision requiring the copy is an important one. It prac-

tically requires the insured to see and examine the policy just before or at the time of making the oath. Without that provision the affiant might, as he has done in this case, make an affidavit based upon his recollection or belief of what took place eight months before. With it, he must of necessity refresh his recollection by examining the policy before making the oath, so that there would be scarcely the possibility of his making any untrue statement without committing the crime of wilful and corrupt perjury.

*By the Court.*—The judgment of the court below is affirmed, with costs.

A motion for a rehearing was denied at the January term, 1866.

DOWNER, J. It is urged on the motion for a rehearing that the affidavit of *De Demor* did give substantially a copy of the written portion of the policy issued by the Mechanics' Mutual Insurance Co. There is certainly nothing in the affidavit showing that it does. This affidavit states the company, the number of the policy, the amount insured, and on what; but it does not state that the written portion of the policy contained nothing more. The written portions of a policy often contain important special agreements, varying or being in addition to the printed portions. The affidavit does not even purport to give, to the best of the recollection or belief of the affiant, either a copy of the written ·portion of the policy or the *whole* of the information contained in the written portion. For these reasons, as well as those stated in the former opinion, the motion must be overruled.

*By the Court.*—Motion denied.