### IN THE

# SUPREME COURT OF NEBRASKA.

## JULY TERM, 1874.

---

PRESENT:

Hon. GEORGE B. LAKE, Chief Justice.
   "   DANIEL GANTT,    } Associate Justices.
   "   SAMUEL MAXWELL, }

---

CHARLES F. TAYLOR, PLAINTIFF IN ERROR, v. TILDEN & McFARLAND, DEFENDANTS IN ERROR.

Practice in Probate Court: BILL OF EXCEPTIONS. Exceptions to the opinion of the probate judge upon questions of law arising during the trial of a cause, unless such cause is tried *by a jury*, cannot be made the subject of a bill of exceptions, by which the errors complained of can be reviewed in the district court upon petition in error.

———: APPOINTMENT OF A PERSON TO ACT AS PROBATE JUDGE. In the absence of a record showing why a person, not the probate judge, exercised the functions of that office, and no exception being taken as to the right of such person to try a cause, it will be presumed that he was appointed to act during the temporary absence of the probate judge, as provided by Section (93) 35, Chap. 14, General Statutes, p. 270.

———: Statutes concerning probate court reviewed and considered by GANTT, J.

THIS cause was originally commenced in the probate court of Douglas county, by Tilden and McFarland, and upon a trial thereof before A. N. Ferguson, special probate judge, without a jury, judgment was rendered in

339

their favor against Charles F. Taylor. A bill of excep-
tions, showing certain proceedings in the cause, was
signed by the said Ferguson and a transcript of the
record, together with a petition in error, was filed in
the district court by the said Taylor. Tilden and Mc-
Farland moved to dismiss the petition in error. The
court sustained the motion and entered judgment of
dismissal. To reverse this judgment, Taylor brought
the cause to this court, by petition in error. The argu-
ment of counsel, being but a review of statutes which
are fully set forth in the opinion of the court, are
omitted.

*E. Estabrook, and W. M. Francis,* for plaintiff in
error.

*G. W. Ambrose,* for defendants in error.

GANTT, J.

THIS is an action by petition in error, alleging errors
to have occured on the trial of the cause in the probate
court. It appears from the record that no jury was
demanded, but that the cause was tried before the judge.
The errors complained of, mainly, relate to the ruling of
the judge upon the admission or rejection of evidence
offered on the trial of the cause. Exceptions were taken
at the time to the ruling of the judge, and a bill of
exceptions was prepared and signed by the judge. The
question, therefore, now presented for determination by
this court is, whether in a case, not tried by a jury, in
the probate court, exceptions to the opinion of the judge
upon questions of law arising during the trial, can prop-
erly be made the subject of a bill of exceptions.

The act concerning the organization, powers, and juris-
diction of probate courts, provides that probate judges

shall have, and exercise, the ordinary powers and jurisdiction of a justice of the peace, and shall have concurrent jurisdiction with the district court, in all civil cases, in any sum not exceeding five hundred dollars, and that the "provisions of the code of civil procedure, relative to justices of the peace, shall, where no special provision is made in this sub-division, apply to the proceedings before the probate judge." *General Statutes*, 1873, *p.* 263. The twenty-sixth section of the act provides that in *all* civil actions brought in the court, "either party may appeal from the judgment of the probate court, or prosecute a petition in error, in the *same manner* as provided by law in cases tried and determined by justices of the peace," and the provisions of the justices' code are, that " in all cases which *shall be tried by a jury* before a justice of the peace, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of a cause; and when either party shall allege such exceptions, it shall be the duty of the justice to sign and seal a bill containing such exceptions, if truly alleged, with the point decided, so that the same may be made a part of the record in the cause." *General Statutes*, 1873, *p.* 682, *Section* (880). It need hardly be observed that all these parts of acts must be construed together as one act; and, when taken together, it is not only clear that appeal and the prosecution of petition in error, in respect to causes tried in the probate court, must be in the *same manner* as in cases tried before justices of the peace, but that in such cases a bill of exceptions to the opinion and ruling of the court upon questions of law, arising during the progress of the trial is confined alone to causes tried by a jury.

Under statute of *Westm.* 2, which gave a bill of exceptions to "any one impleaded before the judges," it is held that this right does not extend to an inquiry of damages executed at the bar of the court, although such

a trial resembles a trial of an issue of fact, because there is nothing in the statute giving a bill of exceptions in such a proceeding. *Bell v. Bell*, 9 *Watts*, 47. In the case of *Field v. United States*, 9 *Peters*, 202, Marshall, C. J., said that, "as the case was not tried before a jury, the exception to the admission of evidence was not properly the subject of a bill of exceptions."

The statute does not give the right of a bill of exceptions to the ruling of the probate judge or justice of the peace, upon questions of law arising during the trial before them, in cases not tried before a jury, and hence, such bill of exceptions cannot be considered in an appellate court, because it is an act without authority of law, and a nullity.

But it is contended that the provisions of the general code of civil procedure, under title XVI, entitled "Errors in Civil Cases," are sufficiently broad in their scope and effect to support a petition in error upon alleged errors taken by bill of exceptions, during a trial before a justice of the peace without a jury. Section 580 provides that "a judgment rendered or final order made by a probate court, justice of the peace    *    *    *    may be reversed, vacated or modified by the district court." But it is clearly seen that under these statutory provisions it is *only* upon a judgment rendered or final order made, a petition in error is allowed; and the order must be one which affects a substantial right in an action, which in effect determines the action and prevents a judgment, or which affects a substantial right in a special proceeding, or upon a summary application in an action after judgment; and in such case the petition in error brings up to the appellate court the judgment or decision of the inferior court, together with the transcript of the record, and bills of exceptions constitute no part of such record unless made so by some statutory provision. But these statutory provisions, under title XVI of the

Taylor v. Tilden & McFarland.

code, nowhere provide for such bill of exceptions to be taken to the ruling of a justice of the peace, upon questions of law arising during the progress of the trial. This right is given in the justice's code, and only in cases tried by a jury.

It is, however, alleged as error, that A. N. Ferguson, who tried the case, had no authority to try and determine the same and render judgment. There is nothing in the record showing why he exercised the functions of probate judge; and it does not appear that any exception as to his right to try the case was taken at the time. It must therefore, be presumed that by reason of the temporary absence of the probate judge from the county, the county commissioners under the 35th section of the act relative to probate courts, appointed him to act in place of the probate judge during his absence; and the statute confers on such appointee all the powers, and subjects him to the same duties, restrictions and liabilities, as prescribed by law respecting probate judges. Hence, upon such appointee during the time he exercises the functions of probate judge, under such appointment, the act confers all the powers and duties, and subjects him to all the restrictions and liabilities prescribed by law respecting probate judges. We do not discover any error in the judgment of dismissal of the case by the district court.

JUDGMENT AFFIRMED.