HAYS' ADMINISTRATRIX, PLAINTIFF AND RESPONDENT, VS. ADAM McNEALY, DEFENDANT AND APPELLANT.

The rule requiring that the Judge presiding at the trial shall settle the case on exceptions, does not control where, at the time the case is to be settled, such Judge has resigned. Public duties, upon which depend private rights, do not pass away with the official existence of the Judge resigning, and the duty of settling a case on exceptions devolves upon his successor. In exercising such power this Court must presume that he acted upon reliable information.

Appeal from the Circuit Court for Jackson county.

This is an action brought under the Code by respondent against the appellant. The case was tried in the Circuit Court at Fall Term, A. D. 1875, while the Hon. W. W. VanNess was Judge of the First Judicial Circuit, embracing Jackson county. There was a verdict for the respondent. The appellant, McNealy, moved for a new trial. Judge VanNess held this motion under advisement, and on the 28th day of March, 1877, filed an order denying it. McNealy, the appellant, who had excepted to rulings of the judge upon the admissibility of testimony and other points, excepted to the order denying the motion, and presented a case and exceptions to Judge VanNess on March 31, 1877. The respondent offered amendments to the same. Judge VanNess resigned before he had settled the case and exceptions, and the Hon. A. E. Maxwell was appointed his successor. Afterwards, on the 17th day of July, A. D. 1877, Judge Maxwell settled the same as amended. The respon-

dent moved to dismiss the appeal on the ground stated in the opinion of the court.

*Geo. S. Hawkins* and *J. F. McClellan* for the motion.

*C. C. Yonge* and *W. H. Milton, contra.*

Mr. Justice Westcott delivered the opinion of the court.

The motion is to dismiss the appeal upon the ground that the case and exceptions were not settled by the judge before whom the cause was tried. The case and exceptions were settled by his successor in office, the judge before whom the case was tried having gone out of office. It is contended that this act of the succeeding judge was without authority and void; that there is no case or exceptions, and that for this reason the appeal should be dismissed. The proper motion here would be to strike from this record what purports to be a case and exceptions, because these are circumstances under which errors, apparent upon the record other than those embraced in the bill of exceptions, may be considered. Without reference to this distinction, however, the court will consider the question as presented. It is true, that the letter of the rule requires that the judge trying the case shall settle the case and exceptions, but this rule must be held to control absolutely only in cases where it is applicable, that is, to cases where the judge who tried it is still in office. At the time this bill was signed and settled there was in existence no such officer as the judge who tried the case. A state of circumstances had arisen to which the rule was not applicable. This rule not covering the case, the question is, what is the rule of law applicable to the changed circumstances, and where was the power to settle the case or exceptions to be found? or was this power and duty restricted solely to the judge presiding at the trial? It is a general rule that public duties and public powers upon

which depend the enforcement of private rights, do not pass away with the official existence of a person in whom they may be vested as an officer.

The general right here is to appeal, and the settling of the case or exceptions is a part of the method by which he is to exercise his general right. Without entering into an elaborate discussion of the subject, we will simply refer to the cases covering the general question.

The case of the Life and Fire Insurance Company of New York vs. Wilson's Heirs, 8 Peters, 292. In this case Judge Robinson, of the District Court of the United States, Eastern District of Louisiana, at May term, 1826, had rendered a final judgment. He did not sign the judgment, although he held three terms afterward. He died in autumn of 1828. His successor declined to sign the judgment. The Code of Louisiana provided that "the judge must sign all definitive or final judgments rendered by him, but he shall not do so until three judicial days have elapsed, to be computed from the day when such judgments were given." A rule to show cause why a mandamus should not issue commanding his successor to sign the judgment was awarded by the Supreme Court of the United States. · In reply to this rule the judge set up the fact that he did not render the judgment, and that the judgment was rendered by another judge long anterior to his accession to office. It will be noted that the letter of this statute, like the letter of the rule in this case, contemplated that the judge rendering the judgment should sign it. The Supreme Court of the United States awarded the mandamus, remarking, "the court remains the same, and the change of the incumbents cannot and ought not in any respect to injure the rights of litigant parties."

The Supreme Court of Indiana, in the case of Smith vs. Baugh, (32 Ind., 163,) held that after the expiration of his term of office, the judge presiding at the trial could not sign a bill of exceptions; and in the case of Ketchum, admx., vs.

Hill, (42 Ind., 64,) the same court held that "the successor in office of such judge has full power to sign a bill of exceptions embodying the evidence," and that the court was "bound to presume that in exercising such power he acted upon reliable information." The like rule prevails in most of the States.

The motion is denied.