EMILIE SCHAFFRONECK, PLAINTIFF IN ERROR, V. JOSEPH MARTIN, DEFENDANT IN ERROR.

**Bill of Exceptions.** Under the provisions of the act to amend secs. 308 and 311 of the code [Laws 1877, p. 12] the clerk of the court can settle and sign a bill of exceptions only in case of the death of the judge, and not in case of his resignation.

ERROR from Madison county district court.

*J. K. P. McCallum*, for plaintiff in error.

*W. M. Robertson*, for defendant in error.

MAXWELL, CH. J.

On the twenty-second day of January, 1879, the defendant recovered a judgment against the plaintiff for the return of certain goods and chattels, or in case a return cannot be had the value thereof in money. The plaintiff brings the cause into this court by petition in error.

The defendant contends that there is no bill of exceptions. The certificate to what purports to be a bill of exceptions is as follows:

" I, A. J. Thatch, clerk of the district court of Madison county, Nebraska, upon sufficient proof being made to me that Hon. E. K. Valentine, the judge who tried this cause, has resigned his said office as judge, and having examined the foregoing bill of exceptions, I

NOTE.—Prior to the passage of the act of 1877, bills of exceptions should have been settled and signed at the same term at which the trial took place. *Monroe v. Elbert*, 1 Neb., 375. *Heady v. Fishburn*, 3 Neb., 265. *Mewis v. Johnson Harvester Co.*, 5 Neb., 217. As to time when bill must be presented and signed since passage of the act of 1877, see *Leighton & Brown v. Stuart*, 8 Neb., 96. *First National Bank v. Bartlett*, Id., 319. When formal bill of exceptions not required, see *Morrow v. Sullender*, 4 Neb., 375.—REP.

Schaffroneck v. Martin.

hereby certify the same to be a true copy of all the evidence offered in this cause, with plaintiff's exceptions thereto, and of the instructions of the court given to the jury, and refused by the court, as appear from the official reporter's report of said testimony and the records of this office.

"Witness my hand and official seal this 8th day of March, 1879.

<div align="right">

"A. J. THATCH,

"Clerk District Court."

</div>

The act to amend sections 308 and 311 of the code of civil procedure, approved February 15, 1877, provides: "In case of the *death* of the judge after the exceptions are taken and before the bill is signed by the court, it shall be the duty of the clerk to settle and sign the bill in the same manner as the judge is by this act required to do." [Laws 1877, p. 11, 12.]

The right to a bill of exceptions is purely statutory. *Taylor v. Tilden*, 3 Neb., 339. *Kellogg v. Huntington*, 4 Id., 96. And no one has authority to sign such bill unless authorized by statute. The statute provides that in case of the death of the judge the clerk may sign the bill, but this does not authorize him to sign it in case of his resignation. The so-called authentication of the bill of exceptions is therefore a nullity. The instructions are, under our statute, a part of the record, but as there is no testimony before the court, we cannot determine whether the court erred in giving or refusing instructions.

The judgment of the district court is affirmed.

<div align="right">

JUDGMENT AFFIRMED.