THE STATE OF NEBRASKA, EX REL. M. S. CRESSMAN, PLAINTIFF, V. JOHN B. BARNES, DEFENDANT.

1. Bill of Exceptions: AUTHORITY TO SETTLE AND ALLOW. "The judge who heard or tried a case" in the district court has authority to settle and allow a bill of exceptions in a case tried before him after the expiration of his term of office.

2. ———: MANDAMUS. Such judge having the power or authority
to act, the law makes it his duty to exercise the authority, and
in a proper case a writ of mandamus will issue requiring him to
act.

REESE, J.

This is an application to this court, in the exercise of
its original jurisdiction, for a writ of mandamus directed
to the Hon. John B. Barnes, formerly judge of the seventh
judicial district, requiring him to settle a bill of exceptions
in a cause tried before the district court of Cuming county,
of which he was judge.

It is alleged on the part of the relator, and not contro-
verted by the respondent, that the cause was tried before
the respondent, sitting as the court, on the 4th day of De-
cember, 1883, the trial resulting adversely to the relator,
who was the plaintiff in said cause, the respondent being
at said time the legally elected, qualified, and acting judge
of the district in which said court was held, and that said
trial was concluded on the 6th day of said month; that
forty days were given to the relator in which to prepare
his bill of exceptions, and court thereupon adjourned *sine
die*. Within the forty days so fixed by the court, the bill
of exceptions was prepared and submitted to the defendants
in said cause, who proposed certain amendments, and re-
turned it to the relator, who, within the time fixed by law,
presented the proposed bill and amendments to the respon-
dent, with the request that he settle and allow the bill.
The respondent's term of office having now expired, he
declined acting in the matter for the reason that he had no
power so to do, he being now divested of his judicial au-
thority. The respondent being willing to perform his
duty, but doubting his authority to act, seeks the advice of
this court as to his duty in the premises.

Section 311 of the civil code provides, among other
things, that the bill of exceptions must be reduced to writ-

ing within such time as the court may fix, not exceeding forty days from the final adjournment of the court, and be submitted to the adverse party for examination and amendment if desired. Within ten days after such submission, the adverse party may propose amendments thereto, and return the bill, with the proposed amendments, to the attorney for the party desiring the settlement and allowance of the bill. Within ten days thereafter, the party seeking the settlement of the bill must present the same, with the proposed amendments, "to the judge who heard or tried the case," for settlement and allowance.

It is conceded that if the respondent has no authority to act, the relator is without a remedy, and the decision of the district court cannot be reviewed, no other person having authority to settle the bill, as the conditions which require the clerk to settle it do not exist. *Schaffroneck v. Martin*, 9 Neb., 38.

The duty of settling bills of exceptions in this state is statutory, and is conferred on no one except the judge who heard or tried the cause and the clerk of the court in which the cause was tried. Prior to the passage of the act allowing the extension of time in which to settle bills of exceptions, it was necessary that they be settled at the same term at which the trial took place. Gen. Statutes, § 308 of the code of civil procedure. By section 311, Ib., it was provided that the bill of exceptions must be signed by "the court." It will be perceived that the law as it now stands differs materially from the law as it existed prior to the act of 1877. Under the law as it then stood the bill had to be allowed by "the court" during the term at which the decision was made. Under the law as it now stands time may be granted beyond the term, and the duty of allowing the bill devolves upon the judge who tried the cause.

The object of the legislature in amending the law was, evidently, to secure to litigants the right of having proper

and correct bills of exception duly certified, not by the court, but by the judge, if living and able and within the district, but in case of his death, absence, or physical disability to act, then by the clerk. The duty of settling the bill now being imposed upon the person "who heard or tried the case," it seems clear to us that the duty attaches to the incumbent at the time of the trial and continues until it is performed, subject to the exceptions contained in the statute.

In *The State, ex rel., v. Stearns*, 11 Neb., 106, this court, in referring to special county commissioners, has said: "They accepted the office * * * and took an oath to faithfully discharge the duties thereof. One of the duties imposed upon them was that of canvassing the votes of the first election. This they have not done." A mandamus was granted, after their term of office had expired, requiring them to reassemble and recanvass the vote. We fail to see where this case differs in principle from that one.

In *Davis v. The Village of Menasha*, 20 Wis., 205, Cole, J., writing the opinion of the court, in stating that it is essential for the judge who tried the cause to settle the bill, uses the following language: "He knows what took place on the trial, what questions of law were raised and decided, and seems to be the most suitable person to settle the exceptions for the review of the appellate court. In this state it has been the common practice for the judge who tried the cause to settle the bill of exceptions, even after his term of office, and we can see no objection to his doing so."

And in *Halle v. Haselton*, 21 Wis., 322, the same learned judge says: "It seems that the bill of exceptions was settled and signed by Judge Noggle after his term of office had expired. And it is said that a circuit judge, after his term of office expires, has no right or authority to settle a bill of exceptions in a case tried before him. In *Fellows v. Tait*, 14 Wis., 156, it was stated that the practice in this

state has been for the person before whom the cause was tried to settle the bill of exceptions, although he was no longer judge. We cannot perceive any valid objection to this practice, and indeed, unless the judge who tried the cause is sometimes permitted to settle a bill of exceptions after his term of office expires, it would deprive a party of the benefit of an appeal to this court." See also *Galbraith v. Green*, 13 Serg. & Rawle, 85.

Counsel for respondent has referred to a number of decisions from which it is claimed a different conclusion should be drawn, but in view of our statute we can adopt no other conclusion than that it is the duty of "the judge who heard or tried the case" to settle and allow the bill if presented within the time prescribed by law, without reference to whether his term of office has expired or not, and that a bill settled by him after the expiration of his term of office is legally settled.

A peremptory writ of mandamus is therefore granted requiring the respondent to settle and allow the bill according to the facts. By the court,

WRIT ALLOWED.

*Lamb, Ricketts & Wilson*, for the relator.

*John D. Howe,* for the respondent.