MARTIN QUICK V. BERNARD SACHSSE ET AL.

[FILED FEBRUARY 3, 1891.]

1. **Bill of Exceptions**: SETTLEMENT. A bill of exceptions must be authenticated by the judge before whom the cause was tried, or, in case of agreement, by the clerk of the district court; and the judge has authority under the statute after the expiration of his term of office to sign such bill.

2. **General Denial.** Under a general denial in the answer the question at issue is the truth of the facts stated in the petition. Facts in the nature of confession and avoidance must be pleaded.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*Brown & Talbott*, for plaintiff in error.

*Mahoney, Minahan & Smyth*, contra.

MAXWELL, J.

This action was brought in the district court of Douglas county by the defendant in error against the plaintiff in

error to recover commission for the alleged sale of certain real estate.

It is stated in the petition "that on or about the ——— day of July, A. D. 1886, the defendant, representing to the said firm of Sachsse & Landergren that he, the defendant, was the owner of the north half of the northwest quarter and a part of the north half of the northeast quarter of section 10, township 14 north, of range 13 east, of the 6th P. M., in the county of Douglas and state of Nebraska, containing in all ninety acres, that defendant then employed said firm of Sachsse & Landergren to find a purchaser for said land at the following terms : Total price, $26,000, one-half cash, balance in one year at 8 per cent interest; and defendant then agreed to pay said firm of Sachsse & Landergren for finding said purchaser at said terms a commission of five per cent on the first thousand dollars of said purchase price and two and one-half per cent on the remainder of said purchase money ; that afterwards, to-wit, on or about the 15th day of July, 1886, the said defendant changed his terms on said property and then signed, executed, and delivered to said firm of Sachsse & Landergren a written statement employing said firm to sell said lands as follows:

"'July 15.

"Sachsse & Landergren : You may sell my 90 acres in N. W. ¼ of sec. 10, R. 13, T. 14, for $28.000, out of which I will allow you a commission of $2,675 if sold this week. If not sold this week, our price shall be $30,000, out of which I shall allow you $3,000 ; cash, one-half; balance arrange to suit.    This is good for thirty days.

"' MARTIN QUICK.'

" That afterwards, to-wit, on or about the 17th day of July, 1886, and in pursuance of the terms of the aforesaid written instrument, the said firm of Sachsse & Landergren procured a purchaser for said premises and acting upon the said authority given said firm by the defendant, sold

said premises in strict conformity with the terms stated in said written authorization ; that in order to induce the said purchaser to purchase the said premises on the said terms the said firm of Sachsse & Landergren agreed with the said purchaser, one Lorenzen, that if said Lorenzen would purchase the said premises on the said terms and at the said price fixed by defendant the said firm of Sachsse & Landergren would pay to the said Lorenzen out of their said commission the sum of one thousand dollars ; that said Lorenzen agreed to said proposition, purchased the premises at the price and on the said terms of the defendant, and paid to said firm of Sachsse & Landergren a part of the purchase price and then agreed to pay the balance of the cash payment and execute and deliver the proper notes and mortgage for the payment of the balance of the said purchase money as soon as the defendant would execute and deliver a proper deed of conveyance for said premises ; that they immediately notified the defendant that they had sold the said premises according to the terms fixed by defendant ; that defendant failed, neglected, and refused to convey said premises to the said Lorenzen ; that said Lorenzen was and at all times has been ready, able, and willing to complete said purchase, and has been prevented from doing so only by the failure of the defendant to perform his part of said contract ; that the said firm of Sachsse & Landergren have done and performed all that they were employed to do in procuring a purchaser for the said premises, and have acted in all respects in that behalf in good faith and for the best interests of the defendant."

There is an allegation that the firm is dissolved and that Sachsse has acquired the interest of his partner in the action.

The answer is a general denial. On the trial of the cause the jury returned a verdict in favor of the plaintiff below (defendant in error) for the sum of $1,675, upon which

judgment was rendered.  A motion is now made to strike the bill of exceptions from the files because not certified by the judge before whom the cause was tried, nor by the clerk of the district court who, where the bill is assented to as being correct, may certify the same.  The excuse is that Judge Groff, before whom the cause was tried, resigned the office of judge and was appointed to an important position at Washington.  This, however, was not a sufficient excuse to justify the failure to present the bill either to him or the clerk of the court for certification.

In *State v. Barnes*, 16 Neb., 37, it was held that the judge who heard and tried the case in the district court had authority to settle and allow a bill of exceptions in a case tried before him after the expiration of his term of office; and this we have no doubt is a correct statement of the law.

Unless a bill of exceptions is certified, this court has no assurance that it is the same record which was before the trial court.  It is necessary, therefore, to adhere to the rule that the bill of exceptions be certified in the manner provided by law.  The motion is therefore sustained.

The only errors that can be considered, therefore, are the sufficiency of the petition and answer, and whether or not the instructions are consistent with the issue made by the pleadings.  On these points there seems to be no defect. The principal defense appears to be that the plaintiff in error was not in fact the owner of the land described, but had merely an option thereon, or was endeavoring to purchase it, and that the plaintiff below understood these facts; and that the memorandum set forth in the petition was not to take effect until the purchase had been made. Facts of this kind must be pleaded in the answer.  It is matter in confession and avoidance, and cannot be proved under a general denial.

In the latter case the only issue is the truth of the facts stated in the petition.  But even if we give the testimony

set forth in the alleged bill its full effect, it sustains the verdict of the jury.

There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.