R. K. NICKERSON v. J. P. NEEDLES,

[FILED JUNE 30, 1891.]

Review : ACTION COMMENCED IN COUNTY COURT. Errors of law occurring at the trial will not be reviewed in the supreme court upon a petition from the county court to the district court in a civil action tried to the county court without a jury.

ERROR to the district court for Butler county. Tried below before SMITH, J.

*Wm. M. Clark*, for plaintiff in error.

*W. W. Stowell, contra*, cited: *Taylor v. Tilden*, 3 Neb., 339; *Kellogg v. Huntington*, 4 Id., 96; *Rudolf v. Winters*, 7 Id., 127–8; *Leach v. Sutphen*, 11 Id., 528; Maxwell, Pl. & Pr., 773–4, and notes; *Ray v. Mason*, 6 Neb., 101; *Garner v. White*, 23 O. St., 192; *Morrow v. Sullender*, 4 Neb., 375; *Aultman v. Howe*, 10 Id., 8.

COBB, CH. J.

This action was brought by the defendant in error in the county court against the plaintiff in error on the following promissory note:

"EDGAR, NEB., June 4, 1887.

"On or before November 1, 1887, after date, for value received, I or we promise to pay to R. K. Nickerson, or order, two hundred and ninety dollars, at the office of Wm. M. Clark, Edgar, Nebraska, with interest at 10 per cent per annum from maturity until paid. If suit is instituted on this note, we agree to pay ten per cent on the amount then due, as agreed, assessed and liquidated damages for non-fulfillment of contract, the same to be allowed by the court, and included in the judgment.

"NELLIE V. WOLFE,

(P. O., Alma, Neb.)

"O. D. WOLFE.

"Due November 1, 1887."

The plaintiff in the county court a'leged that on May 1, 1888, the defendant Nickerson indorsed his name on the back of the note, and delivered it to plaintiff, and on November 8, 1888, payment of the note was demanded of the makers, which was refused, and notice was duly given to the indorser; that no part of the note has been paid, and that there is now due thereon the principal, $290, with interest at ten per cent from November 1, 1887, and ten per cent additional upon the whole amount, for non-fulfillment of contract as expressed in the note. Service was had against the defendants Nellie V. Wolfe and Nickerson, and judgment taken against the maker by default.

The indorser answered denying the plaintiff's allegations, but admitting the execution and delivery of the note by the makers to the indorser, and denied signing over the note on May 1, 1888, but set up that prior to November 1, 1887, he assigned the note to Stout and Voorhees, as collateral security for the payment of $100, which was paid and satisfied prior to November 1, 1887, and the collateral security was restored; that on June 5, 1888, he sold the note to the plaintiff in part payment of an indebtedness of $560, due the plaintiff in four to six months thereafter, who took the note without recourse on this defendant; that the consideration of so taking the note without recourse, was that of defendants paying the $560 before due, and transferring the note on that account at its face principal, $290, allowing the plaintiff the interest from date to maturity.

The plaintiff replied denying the defendant's answer, except as to the transfer to him of the note sued on.

There was a trial to the county court on September 16, 1889, with judgment for the plaintiff for $344.40, and $12 costs, with ten per cent interest on the judgment until paid.

On October 14, 1889, the cause was taken to the district court on error, where it was heard on the following:

First—The court erred in not allowing the defendant in the county court to introduce parol evidence showing that the blank indorsement on the note sued on was without recourse, and was a different contract than that implied by law.

Second—The court erred in rendering judgment on the note for the reasons stated, and because the note had never been protested for non-payment by payors, so as to create any liability against indorser.

On February 14, 1890, there was a trial in the district court. The errors were overruled and the plaintiff in error's petition was dismissed, to which exceptions were duly taken, and the cause brought to this court to be reviewed on the same grounds.

The counsel for the plaintiff in error has submitted an astute, plausible, and convincing argument, were it applicable to his action, that the plaintiff in the court below must recover, if at all, upon the actual contract controlling the transfer and indorsement of the note at the time of its sale and delivery to the plaintiff. He insists that parol evidence was competent to show that the indorsement of the note, in a suit between the immediate indorser and indorsee, was made without recourse though not so indorsed, and that a new and different contract existed from that implied by the law as to the indorsement of promissory notes. In support of his views of the law there are cited thirty-five precedents and examples from the courts of eighteen states. And, carrying the doctrine still further, maintains that subsequent holders of the note, with notice from the indorser, might also be met by parol evidence as to the fact. In short, that an agreement between indorser and holder (indorsee), that the former should not be sued upon his indorsement, was upheld, upon parol evidence as between the parties themselves, in several actions at law cited as authority.

We do not consider it important to review the acute

argument of the plaintiff in error, for the reason that errors of the county court, in the case brought here, are not questions to be reviewed upon the record before us.

It is a well known rule that exceptions to the judgment of a county court upon questions of law, in the trial of a cause to the court without a jury, on the admission or the rejection of evidence, or other questions of law not required to be made of record in the case, cannot be reviewed in the district court upon assignments of error as to the rulings of the court below. For it is provided "that in civil actions before the county court, either party may appeal or prosecute a petition in error in the same manner as provided by law in cases tried and determined by justices of the peace." (Sec. 26, chap. 20, Stats. 1889.) It is also provided, that "In all cases which shall be tried by a jury before a justice of the peace, either party shall have the right to except to the opinion of the justice, upon any question of law arising during the trial of the cause; and when either party shall allege such exception, it shall be the duty of the justice to sign and seal a bill containing such exceptions, if truly alleged, with the point decided, so that the same may be made a part of the record in the cause." (Sec. 988, Code of Civil Procedure.) There is to be found no provision for the review of error on trials to a county court, or a justice of the peace, outside of this statute, and petitions in error cannot be prosecuted to the district court except in accordance with this statute. Decisions establishing this rule are found in our own reports: 3 Neb., 339; 4 Id., 96; 7 Id., 127, and 11 Id., 528.

There was no jury on the trial of this cause, nor proper bill of exceptions to the ruling of the county court. The judgment of the district court is therefore

AFFIRMED.

THE other judges concur.