GEORGE W. SCOTT, APPELLEE, v. EDWIN R. OVERALL, APPELLANT, ET AL.

FILED JANUARY 7, 1897. No. 6869.

Bill of Exceptions: AUTHENTICATION BY CLERK. The statute by which the clerk of the district court is allowed to settle and sign a bill of exceptions, instead of the judge who heard or tried the cause in which it is sought to make such bill a part of the record, must be strictly construed, and the methods prescribed by statute, if any, for making the facts on which the clerk's authority to settle and sign a bill of exceptions apparent of record, should be followed; and where the statute requires a showing of the facts to be by affidavit, a statement by the clerk, in the certificate, that he has personal knowledge of the facts, will not be sufficient to take the place of the required affidavit.

APPEAL from the district court of Douglas county. Heard below before WALTON, J. Affirmed.

David Van Etten, for appellant.

Curtis & Shields, contra.

HARRISON, J.

The subjects argued on error in this case to this court are such as arise out of facts and circumstances presented in form of evidence to the attention of the trial court, and which, to entitle them to consideration here, must have been preserved in a bill of exceptions. Section 311 of the Code of Civil Procedure, which is in relation to bills of exceptions, provides that a bill of exceptions shall be settled and signed by the judge who heard or tried the cause in the record of which it is sought to incorporate such document; and further: "In case of the death of the judge, or when it is shown by affidavit that the judge is prevented by sickness or absence from his district, as well as in cases where the parties interested shall agree upon the bill of exceptions, and shall have attached a written stipulation to that effect to the bill, it shall be the duty of the clerk to settle and sign the bill in the same manner as the judge is by this act required to do." The instrument which is designated as the bill of exceptions in the record in the case at bar was signed by the clerk of the trial court, his authority for so doing being derived, it is claimed, from the fact of the absence from the district at the time of the trial judge. But the prescribed statutory method of making such fact a matter of record, *i. e.*, by affidavit, was not pursued. The party who desired the settlement of the bill apparently contented himself with a statement by the clerk of the district court, in the certificate attached to the instrument, of his personal knowledge in regard to the absence of the judge from the district, for the record contains no other showing of any statutory grounds for the clerk's acting in the matter, instead of the judge, than the statement we have just indicated. This was not sufficient. Statutes which allow the clerk or persons other than the trial judge to settle and sign bills of exceptions are strictly construed, and one of the statutory reasons must exist and it must be shown of record in the manner pre-

14

scribed, if any.   (3 Ency. of Pleading & Practice, p. 453; *Schaffroneck v. Martin*, 9 Neb., 38.)   This being true, there is no bill of exceptions in this case, and the points presented cannot be determined without a reference to the evidence, properly preserved in a bill.   It follows that they are unavailing and the judgment of the district court must be

AFFIRMED.