### Robert C. Storrie v. Benjamin W. Shaw et al.

#### No. 1226. Decided June 15, 1903.

**Retiring Judge—Successor—Findings of Fact.**

Where the judge trying a cause retires from office and his successor is qualified, the former has still power to make out, at the same term, the findings of fact and law demanded in a case tried before him; the judicial function survives in him so far as necessary for him to complete that which reflects the operations of his own mind or relates to his own conduct in the particular case. (P. 621.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*Byers & Byers,* for appellant.—The Hon. W. H. Wilson having failed to file conclusions of law and fact, as requested prior to vacating the office of judge of said court, his successor in office, the Hon. W. P. Hamblen, should have heard appellant's motion for a new trial, based on such failure, and granted same, said motion having been filed at the same term of court at which said cause was tried. Callahan v. Grenet, 66 Texas, 240; Shuber v. Holcomb, 3 (Willson) Civ. Cases, 224; North v. Lambert, 3 (Willson) Civ. Cases, 53; Barnett v. Abernathy, 3 (Willson) Civ. Cases, 775; Gen. Laws, 1899, ch. 111, p. 190, amending Rev. Stats., art. 1333.

The court erred in approving and filing as part of the record, over the objection of plaintiff, the conclusions of fact and law found by W. H. Wilson, Esq., on January 2, 1903. Rev. Stats., art. 1065; 17 Am. and Eng. Enc. of Law, 2 ed., 717.

*J. H. Davenport,* for appellees.—All that is required under proper request is that the findings of the court be made up and filed as a part of the record. The sources of the court's aid or information in that duty is a matter of no concern to counsel, so long as the result is the official expression of the court. With equal propriety might counsel attack the findings of court prepared by successful counsel in causes— as is frequently done—and officially signed by the court.

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the First Supreme Judicial District, as follows: .

"In the above styled and numbered cause pending in this court on appeal from the District Court of Harris County the plaintiff sued to recover a one-third interest in two colts, the value of said one-third interest being alleged to be $666.66. The petition alleged that the plaintiff owned the sire of said colts; that on or about June 1, 1899, he entered into a contract with the defendant, Benjamin W. Shaw, by which three mares belonging to defendant were bred to plaintiff's said stallion; that of the progeny resulting from said breeding plaintiff was to receive a colt to be delivered to him by the defendant when it reached the age of six months; that as a result of said breeding there were only two foals, and defendant has failed and refused to recognize any interest of plaintiff therein. The prayer of the petition is for judgment fixing the one-third interest of plaintiff in said colts and ordering the sale of same and the payment of one-third of the proceeds of said sale to plaintiff.

"The defendant answered by general demurrer and general denial, and specially pleaded that under the contract plaintiff was to receive as compensation for the services of his stallion the colt of that particular one of the three mares of defendant bred to said stallion which was named and known as Grace, and that said mare Grace did not produce a foal as the result of said breeding in the year 1899, but that at plaintiff's request defendant bred said mare to said stallion in the following year and the colt which resulted from said second breeding was, when it became six months old, delivered to plaintiff and accepted by him in full settlement and satisfaction of all claims against the defendant under said contract.

"The case was tried by the Hon. W. H. Wilson, judge of the court below, on the 22d day of November, 1902, without a jury, and judgment rendered in favor of defendants. On November 24, 1902, plaintiff filed a motion for a new trial which was heard and overruled by the court on November 29, 1902. At the time the motion for new trial was filed plaintiff also filed a motion requesting the court to file his

conclusion of fact and law in said cause. This motion was noted on the motion docket and was called to the attention of the court on the 29th day of November, when the motion for new trial was overruled. The attention of Judge Wilson was not again called to said motion, and on December 16, 1902, Hon. W. P. Hamblen, who had been elected judge of said court at the general election in the preceding month, qualified as such judge and assumed the duties of his office and Hon. W. H. Wilson retired from the bench without having filed said conclusions of fact and law, the matter having escaped his attention in the press of other official duties. On December 23, 1902, the plaintiff filed a second motion for a new trial, basing said motion on the failure of Judge Wilson to file conclusions of fact and law in the case. When this motion was presented Judge Hamblen requested Judge Wilson to take the bench and hear and pass upon the motion. Judge Wilson acceded to this request and upon taking the bench prepared and had filed conclusions of fact and law, and overruled plaintiff's motion for a new trial. These conclusions of fact and law, which appear in the transcript, were filed during the term of the court at which the case was tried, are signed by W. H. Wilson as presiding judge, and are also signed and approved by W. P. Hamblen as judge of the Fifty-fifth Judicial District.

"There is an agreed statement of facts in the record purporting to contain all of the material evidence adduced upon the trial of the cause. The evidence is directly conflicting. Plaintiff testifies to the contract as alleged in his petition and denies that the colt of the mare Grace delivered to him by the defendant was accepted in settlement of his claim under the contract of 1899, but claimed that it was delivered to and accepted by him under a separate and independent contract from that sued on. Defendant testified that the original contract was as alleged by him, and that the breeding of his mare Grace the second year was at the request and for the benefit of the plaintiff, and that plaintiff accepted the colt of said mare which resulted from said breeding in full settlement and satisfaction of his claims under the original contract.

"Upon the foregoing statement we respectfully certify for your decision the following questions:

"First. Was Hon. W. H. Wilson authorized to file his conclusions of fact and law in this case after the expiration of his term of office?

"Second. Are the conclusions of fact and law prepared and filed as hereinbefore stated a lawful compliance with appellant's demand for such conclusions?

"Third. If the conclusions of fact and law were prepared and filed without authority and can not be considered by us, was the failure of the plaintiff to make any effort to procure the filing of said conclusions further than to call the attention of the court to the motion requesting same at the time the motion for a new trial was overruled such want of diligence on his part as should estop him to complain of the failure of the court to file said conclusions?

"Fourth. There being a full statement of facts in the record, the

evidence being conflicting and it being manifest from the pleadings that the court could only have found for the defendant by determining the conflict in his favor, was the failure of the trial court to file his conclusions of fact and law such a deprivation of plaintiff''s rights as to necessarily require a reversal of the judgment?"

Answer to the first question: Judge Wilson, who presided at the trial, had authority, after the expiration of his term of office and during the term of the court at which the trial was had, to make and file conclusions of fact and law in response to the motion of appellant. We have found no authority directly on the question submitted, but we regard the signing of bills of exception as being most analogous to the question before us. Whether the judge who presided at the trial or he who succeeds him should make up, sign and complete bills of exception which were reserved during the trial, presents a question upon which the authorities are in conflict. In Encyclopedia of Pleading and Practice, volume 3, page 456, it is said: "The prevailing doctrine in case of the removal, resignation or expiration of the term of the trial judge is that the judicial function survives in him for the purpose of authenticating the bill, and he is accordingly the proper person to sign. His successor can not allow the bill, as he is a stranger to the judicial proceeding related therein." This statement of the law is sustained by the following cases: Hale v. Haselton, 21 Wis., 325; Stirling v. Wagner, 4 Wyo., 5, 31. Pac. Rep., 1032; Ex parte Nelson & Kelly, 62 Ala., 376; Davis v. President and Trustee, etc., 20 Wis., 205; Connelly v. Leslie, 28 Mo. App., 551; Quick v. Sachsse, 31 Neb., 312; State v. Barnes, 16 Neb., 37.

In some jurisdictions the courts have held that such conditions require that a new trial be granted. This view is supported by the decisions of Maryland and Michigan, also by the decisions of the English courts. 3 Enc. Pl. and Pr., 453, note 1. In other States it is held that the successor to the ex-judge is authorized and required to sign the bill of exceptions, which is supported by the following cases: Smith v. Baugh, 32 Ind., 163; Railway Co. v. Rogers, 48 Ind.., 427; Hays v. McNealy, 16 Fla., 408.

The weight of authority and the better reasoning support the answer that we have made to this question. It would be impossible for a judge who had not heard the testimony to express in the form of conclusions of fact the impression which the conflicting evidence made upon the mind of one who heard it, therefore, it is especially important that the judge who tried the case should make the conclusions of fact. We fail to see any sound objection to the conclusion that upon the retirement of a judge the judicial function survives and continues so far as necessary for him to complete that which reflects the operations of his own mind or relates to his own conduct in the particular case.

The answer to the first renders it unnecessary to reply to the other questions.