## J. L. HUME ET AL. V. H. V. SCHINTZ ET AL.

### Decided June 26, 1896.

**1. Practice in Supreme Court—Mandamus.**

The Supreme Court will examine a petition for writ of mandamus presented to it and unless probable cause appear from the allegations of the petition will decline to order citation and will dismiss the case. (P. 73.)

**2. Res Adjudicata—Verdict Without Judgment.**

A verdict until set aside is conclusive of the issues determined by it and may be pleaded in bar of another action though judgment has not been entered thereon. (Pp. 74, 75.)

**3. Same—Mandamus—Fact Case.**

In a suit upon two causes of action verdict was rendered for plaintiff on one and for defendant on the other, whereupon the court set aside the verdict for plaintiff but permitted the one for defendant to stand. The Appellate Court, holding that the entire judgment was vacated thereby, awarded a writ of mandamus commanding the District Court to re-try both issues. Plaintiff dismissed his suit in the lower court and thereupon defendant applied to the Supreme Court for a writ of mandamus requiring the District judge to enter judgment on the verdict formerly recovered in his favor in order that it might be available as a defense in case of another suit on the same cause of action. Held, that the writ of mandamus should be refused because if the verdict for defendant was not vacated by the action of the trial court in setting aside the part of the verdict which was for plaintiff, which was not decided, still no necessity for the writ was shown since the verdict without entry of judgment thereon could be pleaded as a former adjudication. (Pp. 74, 75.)

APPLICATION for writ of mandamus to the District Court of Travis County.

*Walton & Hill* and *Geo. F. Pendexter*, in support of the application for mandamus.—The setting aside of the verdict on the false imprisonment branch of the case did not operate proprio vigore to set aside the verdict on the other alleged cause of action, and defendants are entitled to a judgment on the verdict whether the action of the District judge would be reversed on appeal or not. Boone v. Hulsley, 71 Texas, 176; Wells v. Littlefield, 62 Texas, 28; McConnell v. Wall, 65 Texas, 397, 67 Texas, 352; Shuster v. Bahn Jewelry Co., 79 Texas, 179; Tel. Co. v. Hoffman, 80 Texas, 420; Shirley v. Railway, 78 Texas, 131; Hamilton v. Prescott, 73 Texas, 563; San Diego Land & Town Co. v. Neale, 78 Cal., 63; Duff v. Duff, Cal., 35 Pac. Rep., 437; Lake v. Lake, 18 Nev., 361; Robbins v.

Townsend, 20 Pick., 345; Lisbon v. Lyman, 49 N. H., 553; Albright v. McTighe, 49 Fed. Rep., 817; Sprague v. Childs, 16 O. St., 107; Winn v. Ins. Co., 12 Pick., 278; Woodward v. Horst, 10 Iowa, 120; Pratt v. Boston, 134 Mass., 300; Dale v. Mosely, 4 Stew. & P. (Ala.), 371.

Mandamus lies to compel the rendition of a judgment on verdict of a jury when the trial court has no power to set aside the verdict, or holding that it has and should exercise such power, fails to do so because of the unauthorized interference of another court without jurisdiction. Merrill on Mandamus, secs. 48, 189, 54; 14 Am. & Eng. Encycl. Law, 112 and note 4.

The action of the Court of Civil Appeals is no obstacle to the relief sought, because that court had no original jurisdiction to issue a writ of mandamus, and, if it had, could not compel a trial court to ignore a verdict and re-try a case already tried and upon which a verdict is in force. State v. I. & G. N. Ry. Co., Sup. Ct. Texas, May 25, 1896; State v. Moore, 57 Texas, —; Messnor v. Giddings, 65 Texas, 301; McKenzie v. Baker, 88 Texas, 677; Perez v. Perez, 59 Texas, 322.

GAINES, CHIEF JUSTICE.—This is a petition for a writ of mandamus, and is an outgrowth of the same case which gave rise to the suit of Schintz v. Morris, in which a certificate of dissent from the Court of Civil Appeals of the Third District was dismissed by this court for want of jurisdiction. We there held that it was not a case in which we had power under the Constitution and Statutes to revise the rulings of the Appellate Court. The nature of that proceeding appears from our opinion rendered at a former day of the present term.

It appears, from the allegations of the present petition, that, in the original case, upon one of the causes of action there was a verdict for the plaintiff, and upon another the jury found for the defendant. Upon motion of the defendants the verdict and judgment against them was set aside, the court holding, however, that the plaintiff was concluded as to the cause of action in which a verdict had been returned against him. Upon a petition for a mandamus by the plaintiff, the Court of Civil Appeals, holding that the setting aside of the verdict in part, set it aside as a whole, commanded the trial judge to proceed with the trial of the cause as if no verdict had been returned. Thereupon, as is alleged in the petition in the present case, the plaintiff dismissed his suit. This petition is filed for the purpose of obtaining a writ of mandamus to compel the judge who tried the case to enter a judgment for the defendants upon the cause of action upon which there was a verdict in their favor.

(1) It has been the practice of this court, since its organization under the recent amendments to the judiciary article of the Constitution, to examine every petition for a writ of mandamus with a view to determine whether good grounds for the writ are shown or not, and unless probable cause appear from the allegations of the petition, to decline to order citation to issue and to dismiss the case.

Having carefully considered the petition before us, we are of opinion that process should not be ordered and that it should be dismissed. It is urged that the trial judge, by setting aside so much of the verdict as was in favor of the plaintiff, did not disturb that portion of it which was in favor of the defendants; and that, since the plaintiff has dismissed his suit, it is now the duty of the court to enter judgment upon that part of the verdict which was not formally set aside. If the contention that so much of the verdict as was in favor of the defendants remained in force after the court's action upon the other finding be correct, then it is clear that as to so much the plaintiff could neither take a non-suit nor dismiss. That is settled by statute in this State. (Rev. Stats. 1895, art. 1301.) But the question remains, did the setting aside of the finding in favor of the plaintiff vacate the entire verdict? This question we have not found it necessary to decide; for, in the first place, if the whole verdict be vacated, clearly the petitioners in this court are not entitled to have a mandamus to compel the entry of a judgment upon a verdict which has been set aside; and, in the second, if the verdict in favor of defendants still stands, we still think the writ should be refused. But this second proposition is not so clear, and requires elaboration. A mandamus is an extraordinary writ, and will not issue provided the applicant have an adequate remedy without it. In order to show the necessity for the writ the petitioners in this case state, in effect, that they desire a judgment upon the verdict so that they may plead the judgment in bar of another action. It is evident that, if they may plead the verdict without a judgment upon it, there is no necessity for the writ that is sought; and we are of opinion that, if not vacated, it may be so pleaded. As is recognized in Fowler v. Stonum, 6 Texas, 60, this is a question upon which there is a conflict of authority. In that case the court say: "The better opinion would seem to be that without the judgment the verdict is not evidence of the fact found by it." It is evident that this is not an authoritative declaration of the law. We have not time to discuss fully the authorities upon the point. The text writers seem generally to assert that without a judgment the verdict is not conclusive. But they are sustained by a very few of the cases cited by them. While, on the other hand, we find well considered cases which assert, in effect, the doctrine that, if the court have no power to set aside the verdict, the verdict itself is conclusive of the issues determined by it. This was the ruling in Felter v. Mulliner, 2 John., 181, by a very able court presided over by Chief Justice Kent. The court say: "Being a verdict for the defendant, it was a bar to a further prosecution by the plaintiff below for the same cause. Nemo debet bis vexari pro eadem causa. The omission by the justice to render judgment according to the verdict did not prevent it from being a bar to a new suit. The justice was bound to render a judgment thereon according to the finding. He had no discretion. The reason of the rule that the verdict or postea is no evidence until the entry of final judgment does not apply to the case, because we know that the justice has no au--

thority to arrest a judgment, or award a new trial." That ruling has been followed in subsequent cases in the same state. Brockway v. Kinney, 2 John., 210; Kane v. Dulex, 3 E. D. Smith, 127. See also Henderson v. Kenner, 1 Rich., 474; Deloach v. Worke, 3 Hawkes, 36. While it is held in some instances that the verdict alone is not sufficient, we think it will usually be found from an examination of such cases that the ruling is put upon the ground that it may have been arrested or set aside. See Fisher v. Kitchingman, Wille's, 367. When it is shown that the verdict has not been set aside and when it appears that the court has adjourned for the term and has lost its power to vacate it, we see no good reason why it should not be held conclusive of the issues determined; and we doubt if any very well considered case can be found in which the contrary is held. Coke says: "An issue found by a verdict shall always be intended true, until it be reversed by attaint." Coke upon Litt., 227b. And upon such a question there is no higher authority. When Coke wrote, attaint was the usual method of impeaching and setting aside an improper verdict.

Upon principle, there ought to be no difficulty in deciding the question. The jury are the judges—the triers—of questions of fact. Their award, until set aside, is conclusive, and it has been held by this court that it is the imperative duty of the court in the first instance to give judgment in accordance with the verdict. Lloyd v. Brinck, 35 Texas, 1. The judgment of the court determines no question of fact in a jury case; it is but the effect which should follow as a matter of course upon the verdict; and we think, upon the question of res adjudicata, to consider only the judgment and to disregard the verdict, is to look to the form and to reject the substantial effect of the proceeding. In Claiborne v. Tanner, 18 Texas, 68, this court said: "There can be no clearer principle than that, where a jury has intervened and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment. The court cannot look to the evidence on which the verdict was found in order to determine what judgment to render, but must look alone to the verdict. For it is upon that which the jury have found— not what they might, or ought to have found—that the court proceeds to render judgment. The judgment is the conclusion of law upon the facts of the case, as found by the verdict of the jury." The verdict is the determination of the issues of fact, and when the proceedings have reached that stage that the court is without power to set it aside, without action having been taken upon it, we think it conclusive of the same issues in another suit between the same parties.

Not finding it necessary to decide whether the action of the trial court in setting aside the verdict in the original case in part vacated it as a whole, we intimate no opinion upon the point. We merely hold that in neither event are the petitioners entitled to the writ here prayed for. The application for a mandamus is accordingly dismissed.

*Application dismissed.*