### J. L. Hume et al. v. H. V. Schintz.

#### Application No. 1516.—Decided November 11, 1897.

**Verdict—Judgment—New Trial—Non-Suit.**

In a suit for false imprisonment and malicious prosecution verdict was for defendant upon one issue and for plaintiff upon the other, and the latter finding only was set aside by the court, which afterwards permitted plaintiff to take a non-suit and refused to enter judgment for defendant on the issue found in his favor. Held, that there was no material error; for if the whole verdict was vacated by setting aside a part, the judgment was correct; and if it was not vacated, the verdict in defendant's favor being pleadable as an adjudication (Hume v. Schintz, 90 Texas, 72), the failure to render judgment thereon did not prejudice his rights. (P. 205.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

For the previous history of this litigation see: Schintz v. Morris, 89 Texas, 648; Hume v. Schintz, 90 Texas, 72; Schintz v. Morris, 13 Texas Civ. App., 580; same case, 35 S. W. Rep., 516; 35 S. W. Rep., 825 (on rehearing); 36 S. W. Rep., 292 (dissenting opinion).

*Walton & Hill* and *Geo. F. Pendexter*, for applicants.

GAINES, Chief Justice.—This is an application for writ of error to a judgment of the Court of Civil Appeals, which affirmed the final judgment of the District Court in the suit of Schintz against Hume and another. From this suit two ancillary proceedings have arisen, which have been before this court. The first was a mandamus granted by the Court of Civil Appeals commanding the judge of the District Court in which the suit was pending to proceed to the trial of one of the causes of action set up in the petition. In that proceeding a writ of error from this court was applied for, but we held we had no jurisdiction. Schintz v. Morris, 89 Texas, 648. The second was a petition by the defendants for a mandamus to compel the judge who tried the cause to

enter judgment for the defendants upon one of the causes of action alleged in the petition upon which there was a judgment in their favor. This we refused to grant for the reason that we thought that if the verdict still remained in effect the defendants could avail themselves of it as a bar to the prosecution of the same cause of action, without the entry of a judgment upon it. Hume v. Schintz, 90 Texas, 72. The status of the record in the original cause, at the time the last-named case was disposed of by this court, is shown by our opinion in .that case. Subsequent to that proceeding, the plaintiff in the original suit appeared and moved the court to allow him to take a non-suit, which the trial judge granted, contrary to his own opinion,—but in obedience to the command of the Court of Civil Appeals as he understood it. From the final judgment so rendered, the defendants below appealed to the Court of Civil Appeals, in which the judgment was affirmed.

The plaintiffs in error complained in trial court of the action of the District Court in refusing to enter judgment upon so much of the verdict as was in their favor and in permitting the plaintiffs to enter a non-suit as to the whole case; and they here complain that the Court of Civil Appeals erred in refusing to sustain their assignments in that court, urging those grounds of error.

A verdict remains effective until formally set aside by the court upon a motion made for that purpose. Lloyd v. Brinck, 35 Texas, 1. Hence, as we ruled in Hume v. Schintz, 90 Texas, 72, if the setting aside of so much of the verdict as was in favor of the plaintiffs did not have the effect of vacating so much of it as was in defendants' favor, the latter part of the verdict remains in full force; and as we have previously held, it may be pleaded in bar of any other suit upon the same cause of action. If the entire verdict was not set aside by vacating it in part, certainly the plaintiff could not destroy the effect of that part which was in defendants' favor by taking a non-suit. Since the verdict for defendants, if not vacated, can be pleaded as a determination of the issue decided by the jury in bar of a further prosecution of the same cause of action, a judgment upon it could have no greater effect and would have been of no benefit to applicants for the writ of error. It follows that if the verdict was vacated as a whole, as held by the Court of Civil Appeals, then there was no error in refusing to enter judgment upon it, and that if it was not so vacated, then the error of the court in refusing judgment upon so much of it as was in defendants' favor was harmless error. By the final judgment of non-suit the defendants recovered all costs of the action and applicants have nothing to complain of on that account. The application is refused.

*Writ of error refused.*