**NALLE v. WALENTA.**

No. 8379.

Court of Civil Appeals of Texas. Austin.

Feb. 24, 1937.

G. A. Martins, of Austin, for appellant.

Cocke & Marberry, of Austin, for appellee.

BAUGH, Justice.

Nalle, plaintiff below, sued Walenta upon a promissory note executed by Walenta and payable to Nalle. Walenta answered by plea of non est factum and that the note had been materially altered without his knowledge or authority after he had signed it. The case was tried to a jury on special issues in October, 1933, answering which they found that the amount of the note had not been written in when Walenta signed it; and that it was afterwards filled in for $22.87 more than Walenta owed Nalle. Thereupon the court entered upon the docket, "judgment to be entered later; case continued to consider further order." Each party filed a motion for judgment in his favor, but no judgment was ever entered. The case remained on the docket in this status until April 25, 1935, when Nalle filed a motion to set aside the verdict of the jury. To this motion, Walenta pleaded that the verdict of the jury constituted res adjudicata of plaintiff's demand on said note, and asked that the suit be abated and dismissed. This plea was sustained and the case dismissed, from which judgment of dismissal this appeal is prosecuted.

Under the verdict of the jury it is not controverted that the defendant (appellee here) was entitled to a judgment. The plaintiff's motion, filed in April, 1935, to set aside the jury's verdict and grant him a new trial, obviously concedes that he was not entitled to a judgment unless or until the verdict of the jury was set aside. The original motion for a judgment filed by the plaintiff was not for a judgment non obstante veredicto· and does not purport to be such.

■ Under article 2209, R.S. 1925, it was the duty of the court to render judgment on the findings of the jury; or to set them aside and grant a new trial. Neither was done. While the 1931 amendment to article 2211, R.S. 1925 (Vernon's Ann. Civ.St. art. 2211), authorizes the court, under the conditions and circumstances therein provided, to render a judgment non obstante veredicto, without the necessity of granting a new trial, this can be done only after a full compliance with the provisions of this statute. Not only is there no statement of facts from which it can be determined whether such action by the trial court would have been authorized, but the record affirmatively shows that the appellant did not undertake to comply with this statute as amended so as to entitle him to such judgment had it been authorized. And it is now settled that where a special verdict has been returned by a jury a strict compliance with the provisions of the amended statute is necessary. Bell v. Henson (Tex. Civ.App.) 74 S.W.(2d) 455, 457; Hines v. Parks (Tex.Com.App.) 96 S.W.(2d) 970. That being true, the verdict of the jury stood unattacked, with no judgment entered thereon, in April, 1935, several terms of court after the case had been tried and such verdict returned. And this verdict found facts which barred the right of appellant to recover upon the note sued upon. Article 5939, R.S., §§ 124 and 125. The verdict not having been set aside, and the court having lost the power to set it aside, under the rule announced in Hume v. Schintz, 90 Tex. 72, 75, 36 S.W. 429, Id., 91 Tex. 204, 42 S.W. 543, it became res adjudicata of the facts found which, as stated, precluded a recovery by appellant on his demand. If the court had seasonably entered a judgment thereon, a different situation would be presented. The rule stated in 26 Tex.Jur. § 380, p. 70, is: "But when no judgment has been rendered on a verdict, and the court has lost the power to set the verdict aside, the rule is different. In such a case it seems to be settled that the verdict may be pleaded as a bar to a subsequent suit by a party on the same cause of action."

■ Though there is a distinction between the action of the court and entering a judgment upon a general verdict of the jury (wherein his action is ministerial) and in entering judgment upon a jury verdict on special issues; where the facts found in a special issue verdict are conclusive on the plaintiff's right of recovery, the same rule would apply with equal force to such findings. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296. But the court did not enter any judgment in the instant case, nor take any action on either the motion of the plaintiff or that of the defendant. It was his duty to do· so at the term at which the case was tried. His failure to do so may be construed, after the expiration of such term, as a refusal to grant either motion, and be tantamount to over-

ruling both. Motor Investment Co. v. Killman (Tex.Civ.App.) 43 S.W.(2d) 633; 25 Tex. Jur. § 180, p. 580. But the mere entry on the docket of the notation, absent any motion to do so, was not sufficient to operate as a continuance of the case, as though no trial had been had. It is likewise true, we think, that the court lost jurisdiction to set aside the findings of the jury after that term of court had expired. The plaintiff's motion to do so, not filed until April, 1935, should therefore have been dismissed or overruled. But we have concluded that the trial court erred in abating and dismissing the entire case. Under the circumstances, we think the trial court still had the power, either of his own motion, or upon that of the defendant, to enter a judgment nunc pro tunc on the verdict in favor of the defendant. Gulf, C. & S. F. Ry. Co. v. Canty, supra, 115 Tex. 537, at page 549, 285 S.W. 296; 34 C.J. pp. 77, 78; 25 Tex.Jur. § 68, p. 437. That being true, he should not have dismissed the case, even though appellant's motion to set aside the verdict could not be granted.

For the reasons stated, the order appealed from is reversed, and the case remanded to the trial court.

Reversed and remanded.