**STEWART v. GIBSON et al.**

No. 5909.

Court of Civil Appeals of Texas. Texarkana.

July 3, 1941.

Rehearing Denied Sept. 4, 1941.

M. H. Barton, of Overton, and Frank C. Bolton, of Henderson, for appellant.

R. Matt Dawson, of Longview, for appellees.

HALL, Justice.

This is an application for writs of prohibition and mandamus filed herein on April 21, 1941. On October 31, 1940, C. O. Hendrix and P. L. Bizzell instituted suit against H. G. Stewart, Relator, in the County Court of Gregg County for damages alleged to have been caused by relator's negligence in operating his automobile upon a public highway in Gregg County. The issues were properly joined by relator's answer and the case proceeded to trial in the County Court of Gregg County on February 27, 1941, before a jury. On the same day the charge in the form of special issues was submitted to the jury and answered favorably to relator. Immediately after the county judge received said verdict he left for points outside of Gregg County. The January-February term of Gregg County Court ended March 8, 1941. No judgment was rendered or entered during this term of court in said cause, as shown by the following statement in respondent's answer to application for writ of mandamus:

"* * * At the time the jury returned its verdict into the court no indication was made by the Honorable Merritt H. Gibson as to what the judgment of the court would be in such cause; the said Honorable Merritt H. Gibson made no oral or written rendition of judgment, no memorandum or entry on his docket, and gave no instructions to either party to said cause or to the clerk of said court as to what the judgment would be. Neither party to said cause inquired of the said Honorable Merritt H. Gibson what the judgment in the said cause would be. *At no time during the term of court when this cause was tried, and at no time thereafter has the judge of such court in any form rendered judgment in cause No. 3911, C. O. Hendrix et al vs H. G. Stewart, in the County Court of Gregg County, Texas.*" (Italics ours).

It is made to appear from the affidavit of relator's attorney attached to the application for writ of mandamus, and we find as a fact, that after the trial of said cause, on March 6, 1941, and before the close of the January-February Term of the County Court of Gregg County, the Honorable Matt Barton, attorney for relator, filed with the secretary of the Honorable Merritt H. Gibson, County Judge of Gregg County, the form of judgment he desired to be entered in behalf of the relator. The facts are, further, that the said Barton made several unsuccessful attempts to contact Judge Gibson at his office in the City of Longview. On March 28, 1941, the following letter was received by relator's attorney:

"Longview, Texas.
"March 28, 1941.

"Mr. M. H. Barton,
"Attorney at Law,
"Overton, Texas.

"Dear Mr. Barton:

"Our case of Hendrix vs Stewart has been set for April 21. I don't know whether you are aware of it or not but your judgment was not filed in time to be entered in the last term of court. So I suppose we will have it out again in April.

"Very truly yours,
"RMD:mrp      (Signed) R. Matt Dawson."

On April 3, 1941, relator filed a motion to enter judgment nunc pro tunc in his behalf in cause No. 3911. No action seems to have been taken on this motion by the county judge. An application for writs of prohibition and mandamus was filed by relator on April 21, 1941, directed against the Honorable Merritt H. Gibson, whereby it was sought to prohibit the trial of cause No. 3911 on the docket of the County Court of Gregg County of April 21, 1941, and to compel the said county judge to enter a judgment in his favor based upon the findings of the jury. And on the same day this court issued its writ of prohibition addressed to the Honorable Merritt H. Gibson prohibiting him from trying cause No. 3911, in order that this court might pass upon the application for writ of mandamus to compel the Honorable Merritt H. Gibson to enter a judgment nunc pro tunc in behalf of relator based upon the jury's findings in his favor.

Relator's point No. 2 is: "The jury in the case at bar having answered all special issues covering all the facts made by the pleadings and none of which are in conflict, the Hon. Merritt H. Gibson, judge before whom the case was tried, cannot arbitrarily refuse to enter judgment on the

verdict of the jury where there is no motion for new trial filed, or where the trial court has not declared a mistrial, and mandamus will lie to enforce entry of judgment."

This point is sustained. After the jury returned its verdict favorable to relator on February 27th, the entry of the judgment based thereon involved no judicial or discretionary powers, but became a ministerial act to be performed by the honorable county judge presiding. Shell Oil Co. v. Dennison, Tex.Civ.App., 132 S.W.2d 609, writ refused. This is true under the facts here regardless of whether a judgment had been rendered during the term at which the case was tried. A leading case in Texas on this question is Gulf, C. & S. F. Ry. v. Canty, 115 Tex. 537, 285 S.W. 296, 301 (Com.App. adopted by Sup.Ct.), wherein it is held that: "While the briefs of the parties do not raise this question, we have been reminded of the fact that no judgment was either rendered or entered by the trial court. And it is generally true that there must have been a formal judgment rendered before an entry nunc pro tunc can be ordered. But there is an exception to this rule." And the Commission of Appeals in support of the above statement cites with approval the following from 34 C.J. 72, § 208: "A judgment nunc pro tunc presupposes a judgment actually rendered at the proper time, but not entered, and it is a general rule that a judgment nunc pro tunc cannot regularly be entered unless such judgment has been in fact previously rendered. An exception to this rule, equally well established, is that a judgment may be both rendered and entered nunc pro tunc *where the delay was caused solely by the court itself,* or by the process of the law, and not by the fault of the prevailing party." (Italics ours.) See also Chaffin v. Drane, Tex.Civ.App., 131 S.W. 2d 672. In Friske v. Graham, Tex.Civ. App., 128 S.W.2d 139, 144, it is said: "The action of the trial court in this case, in refusing [failing] to render judgment for relator upon the verdict, amounted to a refusal to 'proceed to trial and judgment' within the contemplation of [R. S.] Art. 1824." In that case the trial judge was required by mandamus to *render* a judgment nunc pro tunc on the verdict of the jury. See, also, Allen v. Strode, Tex.Civ.App., 62 S.W.2d 289. In this case there is no contention made by respondents that all the answers to the special issues were not favorable to relator. It is affirmatively stated by the Honorable County Judge in his answer to the application for mandamus that he neither rendered nor entered judgment upon the verdict of the jury. He simply did nothing. To permit such a situation to exist would be to deny to relator the rights secured to him by the trial of his case, and the jury verdict in his favor. The only reason the judgment was not rendered and entered on the verdict of the jury seems to be due to oversight or negligence on the part of the county judge.

We think when the attorney for relator left with the secretary of the county judge the judgment which he desired to be entered in behalf of his client, relator here, everything was done that was necessary to be done by him in order to have his judgment entered. It is our opinion that mandamus should issue as prayed for, and it is accordingly so ordered.