## WRIGHT v. LONGHORN DRILLING CORPORATION et al.

### No. 9624.

Court of Civil Appeals of Texas. Austin.

April 2, 1947.

Rehearing Denied April 23, 1947.

Polk Shelton, for Shelton & Shelton, Everett L. Looney and R. Dean Moorhead for Looney and Clark, all of Austin, for appellant.

Frank D. Kerbow and Coleman Gay, both of Austin, for appellees.

HUGHES, Justice.

This appeal involves the validity of a nunc pro tunc judgment entered under the following circumstances: Appellant, Jess Wright, filed suit against the Longhorn Drilling Corporation and Henderson Coquat, appellees, to recover damages sustained by him in an automobile collision caused by the alleged negligence of appellees. The case was tried before a jury on March 14, 1946; the jury returned its verdict on special issues, finding that appellees were not guilty of any negligence proximately causing the collision and the injuries. The term of court at which the case was tried would normally have terminated March 16, 1946, but on this day the Judge of the court entered an order extending the term for the purposes of this case through April 16, 1946. On March 22, 1946, appellees filed their motion for judgment on the verdict of the jury, to which was attached a copy of the jury's verdict. No judgment was pronounced or rendered by the trial court prior to the expiration of the term as extended, April 16, 1946. On June 15, 1946, appellees filed their motion for judgment nunc pro tunc, to which was attached a draft of the judgment they desired entered, and this motion was granted and the judgment entered December 3, 1946; from which this appeal is taken.

Appellant at no time filed a motion for new trial, or motion to set aside the verdict of the jury; nor did appellees file any similar motions.

No formal notice of the application for a judgment nunc pro tunc was given appellant, and he complains that this was error, citing Rule 316 of the Texas Rules of Civil Procedure, which provides: "Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case after notice of the application therefor has been given to the parties interested in such judgment or decree, and thereafter the execution shall conform to the judgment as amended."

This rule is not applicable for the reason that no judgment or decree had been entered, and hence there could be no mistake in such judgment or decree; nor was there a judgment or decree in existence to be amended.

It also appears from the record that appellant had requested the trial court to set the case for trial on its merits on De-

cember 3, 1946; and the parties appearing on that date appellees requested that their motion for judgment nunc pro tunc, which had been on file since June 14, 1946, be heard and disposed of before they should be required to make any announcement; appellant objected to the consideration of such motion, and in this connection the following proceedings were had:

"Counsel for appellees then stated: 'Judge, in that connection we believe that this motion will go to the heart of the case, and the main point in the objection seems to be lack of notice, despite the fact that the motion has been on file since the 15th day of June, 1946. If Mr. Looney is prepared seriously to contend that he was entitled to more notice, we would prefer to give him as much time as he wants on it. Mr. Looney, would you prefer to argue the motion later?'

"Mr. Looney then told the Court: 'I prefer to stand on my objection,' whereupon counsel for appellees said:

" 'Let the record show that we want this motion heard before we make any announcement in the case, but we are not insisting on the motion now if they are not ready on it.' "

It further appears that appellant, through his counsel, participated in the hearing conducted by the trial court upon the motion for the entry of the judgment nunc pro tunc. Appellant does not suggest that he has been prejudiced or in any manner harmed by the failure to receive formal or additional notice of the motion for the entry of this judgment, and it is not indicated how or in what manner his position would be improved if formal or further notice had been given to him. Under these circumstances we are of the opinion that no reversible error is reflected in the court's action in considering and ruling upon the motion for judgment nunc pro tunc.

■ As to the merits of this motion, appellant recognizes the rule announced in Gulf C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296 (Com.Apps.; opinion adopted by the Supreme Court), wherein the court quoted from 34 Corpus Juris, p. 72, as follows: "A judgment nunc pro tunc presupposes a judgment actually rendered at the proper time, but not entered, and it is a general rule that a judgment nunc pro tunc cannot regularly be entered unless such judgment has been in fact previously rendered. An exception to this rule, equally well established, is that a judgment may be both rendered and entered nunc pro tunc where the delay was caused solely by the court itself, or by the process of the law, and not by the fault of the prevailing party." See also 49 C.J.S., Judgments, § 118.

■ In arguing that the exception above stated does not exist in this case, appellant seeks to show that appellees were at fault in not procuring the entry of the judgment before the expiration of the term, by adverting to the fact that counsel for appellees did not prepare the form of judgment to be entered and submit it to the court along with their motion for judgment, referring to Rule 305 of the Rules of Civil Procedure, which provides: "Counsel of the party for whom a judgment is rendered shall prepare the form of the judgment to be entered and submit it to the court."

This rule was not violated by appellees for the reason that no judgment had been pronounced or rendered by the trial court, and it was, therefore, not incumbent upon counsel for appellees to prepare a form of judgment to be entered and submit it to the court. This duty did not arise until the court had rendered or pronounced his judgment.

The trial court is required to render judgment upon a special issue verdict by Rule 300 of the Rules of Civil Procedure, which reads: "Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated the court shall render judgment thereon unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding under these rules."

■ Appellees timely and properly filed their motion for judgment upon the verdict of the jury. That the record does not show this motion to have been called to the attention of the trial court, we consider of no consequence. The law and the duty of the trial court was plain and is not conditional upon the prevailing party moving for judgment. Appellant does not assert any trial

288

error and it would be most unjust to deprive appellees of their victory solely by reason of the failure of the trial court to render judgment. As said by Judge Powell in the Canty case, supra [115 Tex. 537, 285 S.W. 302], "The very basis of an entry of a judgment nunc pro tunc is that an injustice is being prevented."

The Canty case was followed by this court in Nalle v. Walenta, Tex.Civ.App., 102 S.W.2d 1070, under a state of facts very similar to those in the case at bar. See also Stewart v. Gibson, Tex.Civ.App., 154 S.W.2d 1002.

Appellant cites Universal Life Ins. Co. v. Cook, 188 S.W.2d 791, by the Waco Court of Civil Appeals, as being decisive of this appeal. In this case the court did not refer to the Canty case and did not discuss the exception, recognized in that case, to the general rule that a judgment nunc pro tunc pre-supposes a judgment previously rendered. We do not believe our holding herein to be in conflict with the Cook case, but if so, we are bound by the law announced in the Canty case and prefer to follow our opinion in Nalle v. Walenta, supra.

We are aware of the enormous amount of business transacted in the court below and what we have said is not critical of that court. When the omission of his duty to enter judgment on the verdict of the jury was called to his attention by the motion for judgment nunc pro tunc, he properly granted the motion, rendered the judgment, and the only judgment, which should or could have been rendered. We approve and affirm such action.

There is an additional reason for denying appellant relief. The law is well settled that the findings of a jury in answering special issues are conclusive as between the parties, and when the court has lost jurisdiction to grant a new trial or to set aside the verdict of the jury, as in this case, the verdict may be pleaded in bar to a subsequent suit by the same parties on the same cause of action. 26 Tex.Jur., p. 69; Hume v. Schintz, 91 Tex. 204, 42 S.W. 543; Id., 90 Tex. 72, 36 S.W. 429; Waggoner v. Davis, Tex.Civ.App., 261 S.W. 482; Rule 290, Rules of Civil Procedure; Nalle v. Walenta, supra.

There being no reversible error, the judgment of the trial court is affirmed.

Affirmed.

On Motion for Rehearing.

The last sentence of Rule 316 of Texas Rules of Civil Procedure reads: "The opposite party shall have reasonable notice of an application to enter judgment nunc pro tunc."

It was upon this portion of such rule that appellant relied rather than upon that part of such rule quoted in our original opinion.

Under the circumstances of this case as set out in our original opinion we hold that no reversible error was shown in appellant's failing to receive formal or further notice of the motion to enter judgment upon the verdict of the jury.

All other assignments contained in appellant's motion for rehearing have been carefully considered and we adhere to the conclusions stated in our opinion.

Motion for rehearing is overruled.

Overruled.