## C. B. WILLIAMS v. J. D. WYRICK

No. A-3407. Decided February 6, 1952.
(245 S. W., 2d Series, 961.)

*Kelley, Looney, McLean & Littleton* and *Sidney L. Farr*, all of Edinburg, for petitioner.

The Court of Civil Appeals erred in holding that the trial court rendered and entered judgment nunc pro tunc for plaintiff after the expiration of the term in which the case was tried and the verdict returned. British Gen. Ins. Co. v. Ripy, 130 Texas 101, 106 S.W. 2d 1047; Universal Life Ins. Co. v. Cook, 188 S. W. 2d 791; Allied Store Utilities Co. v. Hunt, 148 S.W. 2d 246.

*Albert E. Coneway*, of Harlingen, for respondent.

The rendition and entry of the judgment nunc pro tunc on the grounds that the delay requiring same resulted from the process of the law and the delay of the court and not from any fault of the prevailing party, was properly sustained by the Court of Civil Appeals. Gulf, Colorado & Santa Fe Ry. v. Canty, 285 S.W. 296; Shell Petroleum Co. v. Dennison, 132 S.W. 2d 609; Moore, Inc., v. York Oil Field Service Co., 226 S.W. 2d 144.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The principal question in this case is whether a trial court has authority to render judgment nunc pro tunc on a special issue verdict after the term of court at which the verdict was returned had expired, no judgment having been rendered during that term.

The respondent, Wyrick, sued the petitioner, Williams, for damages for breach of an oral contract for the sale and purchase of tomato plants and tomato seed. The allegations of his petition would have supported a judgment for $1941.23, but

his prayer for recovery was for $1851.23. The jury in answer to a special issue assessed his damages at $1941.23. All answers of the jury were responsive to the issues and were favorable to respondent. The verdict was returned at 5:00 o'clock p. m. on the last day of the court's term. No judgment was pronounced during that day. Later, upon motion by plaintiff and after a hearing, the court rendered judgment nunc pro tunc in favor of plaintiff for $1941.23. The Court of Civil Appeals reformed that judgment by reducing the amount thereof to $1851.23, and, as reformed, affirmed the case. 242 S. W. 2d 669.

1 The power of the court to enter judgment nunc pro tunc after term time is not limited to cases where judgment was actually rendered during the term in which the case was tried but was not correctly recorded. In a proper case the court has the power to both render and enter a judgment nunc pro tunc after term time. Black on Judgments, Second Edition, Vol. 1, Sec. 126, p. 186, states:

"The cases calling for the exercise of this power of the courts are chiefly of two kinds; first, where no judgment was actually rendered, although one might or ought to have been; second, where a judgment was actually rendered, but never entered or put upon the records."

It is stated in Freeman on Judgments, Fifth Edition, Vol. 1, Sec. 122, p. 222, that cases in which judgments have been both rendered and entered nunc pro tunc have been more numerous than cases in which judgments have been rendered but not correctly entered during the term. The rationale of the rule is stated by the same author in Section 121, p. 220, to be:

"The policy of entering judgments and decrees nunc pro tunc is agreeable to the maxim * * * an act. of the court shall prejudice no one. This maxim, says Mr. Broom, is 'founded in justice and good sense; and affords a safe and certain guide to the administration of the law.' "

The same thought is expressed in McDonald's Texas Civil Practice, Vol. 4, Sec. 17.06, p. 1321.

Why should it be held that a prevailing party must be deprived of his legal right to a judgment on a verdict by the failure or neglect of the trial judge to render judgment during the term? No statute prohibits the court from rendering and entering the judgment at a subsequent term in a proper case, and

from earliest times courts have exercised that power under principles of the common law. In those cases in which the court may both render and enter a judgment nunc pro tunc after term time, the delay must have resulted from the process of the law or the delay of the court. The author last cited in Section 17.07, p. 1325, states:

"In general, where the delay in rendition after the case is fully ripe for judgment has resulted solely from the process of the law or the delay of the court, and not from any fault of the prevailing party, rendition of judgment nunc pro tunc is proper."

**2** That test has been widely accepted, but it should be pointed out that the word "fault," as used in the text, has but little meaning, if any. The real test is whether the case was fully ripe for judgment before the end of the term at which it was tried. In 49 C. J. S., Judgments, Sec. 118 b, p. 249, the test is stated in this language:

"A judgment can be entered nunc pro tunc only in a case which was ripe for judgment at the date to which the judgment is to relate back. A judgment may, if justice so required, be both rendered and entered nunc pro tunc."

**3** It seems not to be questioned that it is the settled law in this State that rendition as well as entry of a judgment on a general verdict is a ministerial act, and that judgment may be both rendered and entered on such verdict nunc pro tunc. Lloyd v. Brinck, 35 Texas 1; Carwile v. William Cameron & Co., 102 Texas 171, 114 S. W. 100. It was formerly held that the rendition of a judgment on a special issue verdict involved the exercise of judicial discretion and was not a ministerial act. Under that view the courts would possess no power to both render and enter a judgment nunc pro tunc after term time on a special issue verdict. But in Gulf, C. & S. F. Ry. v. Canty, 115 Texas 537, 285 S. W. 296, 302, that view was rejected, and the power of the court both to render and enter a judgment after term time upon such verdict was upheld. In that case it was held:

"When the *necessary* effect of a special verdict is clear and plain, the writ of mandamus as prayed for herein should issue just the same as has been done in general verdict cases."

Like holdings have been made by courts of civil appeals in the following cases: Wright v. Longhorn Drilling Corp., 202 S. W. 2d 285, error refused; Farmer v. Denton, 231 S. W. 2d

908; Stewart v. Gibson, 154 S. W. 2d 1002; Nalle v. Walenta, 102 S. W. 2d 1070.

The author of the opinion in the Canty case recognized that he was doing a bit of pioneering, but later decisions by this court have approved that bit of pioneering and have definitely set the question at rest by holding that where the answers to special issues are conclusive of the right of one of the parties to a judgment in his favor the act of rendering judgment on the verdict is ministerial. Southland-Greyhound Lines, Inc. v. Richardson, 126 Texas 118, 86 S. W. 2d 731; Cortimeglia v. Davis, 116 Texas 412, 292 S. W. 875; Hines v. Parkes, 128 Texas 289, 96 S. W. 2d 970.

This case was ripe for judgment for $1851.23 when the verdict of the jury was returned, as held by the Court of Civil Appeals. The fact that the jury assessed the damages at $1941.23 instead of $1851.23 constituted no bar to the rendition of judgment for the lesser amount. Rule of Civil Procedure 301 provides that "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict * * *." Webster's New International Dictionary (Unabridged), Second Edition, defines "conform": "To be in accord or harmony with." In order to conform to the verdict it is not necessary that the judgment be for the same amount of damages as assessed by the jury. If that were true, then the judgment would also have to be in the same amount as alleged in the pleadings, with the result that only in rare instances could a judgment ever be rendered in a suit for damages. It is generally true that the amount of damages assessed by the jury is less than alleged in the petition. When that occurs judgment is rendered for the lesser amount, and it had never been considered that such a judgment would not conform to the pleadings.

It is interesting to consider what would be the result of a holding that the court had no power to render judgment nunc pro tunc in this case. Rule of Civil Procedure 290, having its source in R. S. Article 2202, provides that "A special verdict shall, as between the parties, be conclusive as to the facts found." Prior to the enactment of the statutory predecessor to this rule it had been held that where a general verdict was no longer subject to being set aside, it was res judicata of the fact issues before the jury; that the verdict would serve as a bar to a subsequent suit on the same cause of action, the same as would a judgment. It was therefore held that it was not error to deny mandamus to compel the rendition and entry of judg-

ment on the verdict. Hume v. Schintz, 90 Texas 72, 36 S. W. 429; id., 91 Texas 204, 42 S. W. 543. That opinion has never been modified or questioned. Applying that rule in the case of Waggoner v. Davis, 261 S. W. 482, the court arrived at a peculiar result. It was held that after the adjournment of the term at which a special issue verdict was returned the trial court was not authorized to render judgment nunc pro tunc on the verdict. But since the verdict would be res judicata on the issues of fact found, the court held that the error was harmless and affirmed the judgment of the trial court, notwithstanding, according to its view, that court had no power to render same. Were we to hold that the court in the instant case was without power to render judgment nunc pro tunc, nothing would be accomplished. If we should follow the reasoning in the opinion last cited, we would affirm the case on the ground of harmless error. Should we not affirm the case on that ground, all the plaintiff would have to do would be to file suit on the same cause of action, plead the verdict as res judicata of all issues in the case, and the trial court would have no alternative but to render the exact judgment which is before us.

We recognize that the opinion of the Commission of Appeals adopted by the Supreme Court in British General Insurance Company v. Ripy, 130 Texas 101, 106 S. W. 2d 1047, is not in harmony in all respects with what is written above. That opinion makes no mention of any of the authorities upon which we rely. It appears that they were not called to the attention of the court, and we cannot think that the court intended to overrule them. A strong indication that the court did not so intend is afforded by its action in refusing the application for a writ of error in the Longhorn Drilling Corporation case, spura, a relatively recent case.

We approve the holding of the Court of Civil Appeals on the other question presented for decision, and the reasons assigned therefor.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 6, 1952.