NEHOC LAND COMPANY, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 13422.

Court of Civil Appeals of Texas.

Houston.

Dec. 22, 1960.

Rehearing Denied Jan. 12, 1961.

Fulbright, Crooker, Freeman, Bates & Jaworski, John H. Crooker, Jr., Ivan Irwin, Jr., Houston, for appellant.

R. H. Burks, City Atty., Charles A. Easterling, Senior Asst. City Atty., Houston, for appellee.

BELL, Chief Justice.

This is a condemnation case.

The City of Houston sought to condemn the surface estate of 223 acres of land belonging to appellant, the purpose of the taking being that the area was to be a part of the Lake Houston Reservoir. The case came on for trial before a jury on April 8, 1957 at the March-April, 1957 term of court. The parties entered into a stipulation by which they agreed to the existence of all material ultimate issues except the value of the land taken and agreed that the only disputed issue and, therefore, the only issue to be submitted to the jury was the determination of such value. On April 11, 1957, the jury returned its verdict finding the value of the land as of February 2, 1953, the date of the deposit by the City of the Commissioners' award, to be $12,500. The appellant, being dissatisfied with the Commissioners' award, had filed its objections with the County Judge. On April 12, 1957 appellant filed its motion for new trial asking that the "judgment" be set aside because (1) the evidence was insufficient to support the jury's answer, and (2) the answer of

the jury was so contrary to the overwhelming weight and preponderance of the evidence as to be wrong and unjust. The motion was of course premature as no judgment had been rendered. We state that no judgment had been rendered because we think the record clearly establishes that the court had merely received the verdict and accepted it and ordered it filed, but had not rendered any judgment on it at such time, though appellee seems to contend at one point in its brief that judgment had been rendered on the verdict.

The term of court at which the verdict was returned ended May 5, 1957 as the new term commenced May 6, which was the first Monday in May. Art. 1970–84, Vernon's Ann.Tex.Civ.St. At this term nothing further was done by either party. The court at this time was presided over by the Honorable Phil Peden. Following this, nothing was done in court as the parties were working on a settlement which was finally orally agreed upon, but it was never executed. Between the March-April term and the time anything else was done in court, eight intervening two-months terms passed.

In the meantime, sometime in September, 1957, Judge Peden resigned to accept appointment as Judge of the 157th District Court. Therefore, two full terms of court intervened between the term at which the verdict was returned and the resignation. The resignation occurred during the September-October, 1957 term. On October 1, 1957, the Honorable Madison Rayburn qualified as successor to Judge Peden.

On October 1, 1958 appellant filed its motion to set aside the verdict because no judgment had ever been rendered on the verdict. This was opposed by appellee. On October 13, 1958 appellee filed its motion to enter judgment nunc pro tunc. On October 17, 1958 Judge Rayburn overruled appellant's motion to set aside the verdict and granted the appellee's motion to render judgment nunc pro tunc, and on said date rendered judgment on the verdict, nunc pro tunc, the judgment being entered October 22, 1958. On October 22 an order was entered overruling appellant's motion.

■ Appellant contends that the court erred in both actions. It concedes that in an ordinary case, as distinguished from a condemnation case, a court has power to render judgment nunc pro tunc on a verdict at the succeeding term of court after the return of the verdict where the verdict is clear because in such case a duty rests upon the court to render judgment on the verdict. The act of the court in rendering judgment is but a ministerial act. If the case is "ripe for judgment" during the term at which the verdict is returned, judgment may be rendered at least at the succeeding term nunc pro tunc. Williams v. Wyrick, 151 Tex. 40, 245 S.W.2d 961, and authorities there cited; Gulf, C. & S. F. Ry. Co. v. Canty, Tex. Com.App., 115 Tex. 537, 285 S.W. 296. It also concedes that in an ordinary case where such a verdict remains undisturbed after the term at which returned, and no judgment is ever rendered on it, the verdict is res adjudicata as to the issues determined by it. Hume v. Schintz, 90 Tex. 72, 36 S.W. 429; Williams v. Wyrick, supra; Waggoner v. Davis, Tex.Civ.App., 261 S.W. 482, no writ hist. Appellant, however, contends the rules announced in these cases do not apply here for these reasons:

1. Here the case was not ripe for judgment because in a condemnation case the condemnor may abandon the proceedings at any time before judgment.

2. The judgment was rendered by Judge Rayburn, who did not try the case, he being the successor judge to Judge Peden, and a successor judge could have, under Rule 18, Texas Rules of Civil Procedure, rendered judgment, in any case, only at the succeeding term of court. His position in this connection is that since no judgment had been rendered, the case was still on trial under the holding of the Commission of Appeals in Stephenson v. Nichols, 286 S.W. 197, and British General Ins. Co. v. Ripy,

Tex.Com.App., 130 Tex. 101, 106 S.W.2d 1047, opinion approved by the Supreme Court, and since Rule 18 gives the successor judge power over the case at the succeeding term of court, he loses his power to act with regard to a case on trial at the expiration of such term.

3. Too, though the appellee urges that it having paid the award into court, it having taken physical possession of the property, and the property having been submerged by the waters of Lake Houston, it is estopped from abondoning the proceedings. Appellant says the record does not reflect submergence of the land or that the appellee has taken physical possession of the property. In any event, it says only it can assert estoppel and it might choose not to do so.

We are of the view that when the verdict was returned, the case was ripe for judgment. The only issue in dispute was the value of the property and this was clearly settled by the jury verdict. It then became the ministerial duty of the court to render judgment on the verdict. Williams v. Wyrick, supra; Gulf, C. & S. F. Ry. Co. v. Canty, supra; Wright v. Longhorn Drilling Corp., Tex.Civ.App., 202 S.W.2d 285, writ ref.; 29 Texas Law Review 686; 16 Texas Law Review 114. No motion for judgment on the verdict is required. Farmer v. Denton, Tex.Civ.App., 231 S.W. 2d 908, no writ hist.; Wright v. Longhorn Drilling Corp., supra. These were cases not involving eminent domain proceedings but we see no difference in eminent domain proceedings and other cases in so far as we determine whether a case is ripe for judgment where the condemnor has not in anywise sought to abandon the proceedings. Until such time as the condemnor affirmatively asserts a wish to abandon, the case stands as any other. It, failing to seek abandonment upon return of the verdict, runs the risk that the court will perform his ministerial duty and render judgment on the verdict. In the case before us the verdict was returned April 11, 1957. The term did not expire until May 5 and though sufficient time elapsed within which the condemnor could abandon, as no judgment was rendered, yet it made no attempt to do so. Its representatives are charged with notice of the court's duty and must take affirmative steps to preserve the right to abandon. We have found no cases and none have been cited us passing on this particular question.

Appellant relies upon the case of Armendaiz v. Ray, Tex.Civ.App., 215 S.W.2d 210, to support its contention that in a condemnation proceeding the case is not ripe for judgment after return of the verdict because of the right of the condemnor to abandon. Such was not the holding of the case, though there were certain expressions used by the Court which tend to support appellant. There are other expressions that tend to support our conclusion that the case was ripe for judgment upon return of the verdict and therefore a judgment could be rendered nunc pro tunc. The case was an original proceeding in the Court of Civil Appeals seeking a writ of mandamus to require the County Judge of Wallacy County to enter a judgment nunc pro tunc on a jury verdict returned in a condemnation proceeding. The condemnee sought the judgment by a writ of mandamus. It appeared the verdict was returned at the February term of court and the Court announced the verdict would be received and judgment would be rendered accordingly. After term time the condemnor filed a motion for new trial and the condemnee filed a judgment to be signed. These were without effect because done after the term time in the County Court. At the April term of court the condemnor filed a motion for non-suit because of its desire to abandon the proceedings. The condemnee filed a motion to enter judgment nunc pro tunc. During the May term of court the court granted the condemnor's motion and dismissed the case and overruled condemnee's motion. No appeal was taken from this judgment of dismissal. The Court of Civil Appeals denied the writ because mandamus

is no substitute for an appeal and an appeal could have been taken from the judgment of dismissal. The court in the course of its opinion stated the trial court, at the May term of court, had jurisdiction to render a judgment nunc pro tunc and that the power to render a correct judgment gave the court power to render an incorrect judgment. It did not pass directly on whether the judgment of dismissal was error. The Court noted that usually the rendition of judgment on the verdict was a ministerial act but said this was not necessarily true in a condemnation case because of the right of abandonment in the absence of estoppel. It cited Leonard v. Small, Tex.Civ.App., 28 S.W.2d 826, writ ref.; and Board of Regents of State Teachers College v. Kelley, Tex.Civ.App., 208 S.W.2d 565. However, in each of those cases the condemnor abandoned the proceedings immediately on return of the verdict. Neither involved the question of the duty of the court with regard to rendition of judgment on the verdict so long as it remained undisturbed by failure of the condemnor to abandon.

Nor are we in agreement with appellant that Judge Rayburn could not render the judgment when he did at a term of court subsequent to the succeeding term after he took office. If the case is one that is "ripe for judgment" at the term at which the verdict was returned, then the rendition of judgment is a purely ministerial duty, and is not one calling for the exercise of judicial discretion, and may at any subsequent term, assuming no prejudice to rights which are shown to have intervened, be rendered nunc pro tunc.

The case of Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, by our Supreme Court, is illustrative of the performance of the ministerial act of the entry of judgment nunc pro tunc six years after the rendition of judgment where numerous terms of court had intervened. We see no difference as to the rendition of judgment nunc pro tunc, where, as here, the case was ripe for judgment because of a clear verdict at the term at which returned. In either case the court's act is purely ministerial.

We think this conclusion is supported by the reasoning in Williams. v., Wyrick, supra, and the holdings in Nalle v. Walenta, Tex. Civ.App., 102 S.W.2d 1070, no writ hist., and Couch v. City of Richardson, Tex.Civ. App., 313 S.W.2d 949, n. r. e.

■ Appellant relies heavily on British General Ins. Co. v. Ripy, supra. Possibly that decision has not been overruled as applied to the particular facts involved. There the court was not asked and did not purport to render judgment nunc pro tunc, but the trial court merely rendered a judgment on the verdict at a second subsequent term after the return of the verdict as he would have normally done in term time. We respectfully suggest, however, that the court there misconstrued Article 2092, V.A. T.S. (now Rule 330(j), T.R.C.P.), if it meant to hold that as to the purely ministerial act of rendering judgment "nunc pro tunc" on the verdict, the statute extended such power only through the term next succeeding the term at which the verdict was rendered. We think the statute only applicable to the performance of discretionary acts. A reason is that in the absence of statute and in the absence of formal extension of the term the court would have no authority after term time to complete the trial if discretionary acts were to be performed. However, as to a ministerial act such as we have here the court would, upon proper motion, have authority to perform it after term time in the absence of statute. In any event, we think the effect of the principles announced by the Supreme Court in the case of Williams v. Wyrick, supra, are inconsistent with much said by the Commission of Appeals in the British General Ins. case and that the latter case is not controlling in the case before us. Couch v. City of Richardson, supra. Too, we feel our position is supported by the case of Nalle v. Walenta, supra. The cases of Turner v. Texas Sportservice, Tex.Civ. App., 312 S.W.2d 388, n. r. e.; Coats v.

Garrett, Tex.Civ.App., 283 S.W.2d 289, no writ hist., and Pelham v. Sanders, Tex. Civ.App., 290 S.W.2d 684, are not applicable because each involved performance of discretionary acts after term time.

Neither is the case of Stephenson v. Nichols, supra, applicable. There, during a special term that was called for a three-weeks period and which had been expressly extended "until the case on trial was disposed of", a judgment was rendered and entered and a motion for new trial was filed during the extended term. The motion for new trial was overruled September 20, 1924. On December 13, 1924, the court entered an order declaring the term at an end. The court merely held that the preparation and approval of the statement of facts and bills of exception were not a part of the trial, but the term ended with the overruling of the motion for new trial and that the time within which the record for appeal must be filed commenced with the ending of the term on September 20 and not December 13.

In addition to the above rule, the cases also hold that the undisturbed verdict, after the court has lost jurisdiction to set it aside, and the County Court loses such jurisdiction with the expiration of the term, it having no authority to extend the term, is conclusive as between the parties as to the matters determined by it and will support a plea of res adjudicata in any subsequent proceeding on the matters determined. Hume v. Schintz, supra; Williams v. Wyrick, supra; Nalle v. Walenta, supra; Waggoner v. Davis, supra; Couch v. City of Richardson, supra. While these cases did not involve condemnation proceedings, we again see no difference in principle, as to the binding effect of the verdict where the condemnor fails to make known before the end of the term, where it has sufficient time to do so, its wish to abandon the proceedings. Too, in the case before us, the motion of the condemnee to dismiss and of the appellee to render judgment nunc pro tunc came at a time when eight two-months terms had intervened after the return of the verdict. Surely under such circumstances appellee would not have the right to abandon and avoid the effect of the verdict. Therefore, the verdict would be res adjudicata even if the court could not render judgment nunc pro tunc.

We are unable to pass on the validity of appellee's suggestion that at the time of trial, and at all times since, it was in physical possession of the property and the property had been inundated by the waters of Lake Houston and therefore it had lost the right to abandon, because the record is silent as to the existence of the asserted facts.

Appellee filed a motion to strike the Statement of Facts. We ordered the motion carried with the case. The basis of the motion is that it was approved by Judge Peden who tried the case and who resigned at a term after the case was tried and not Judge Rayburn, his successor. The position of the appellee is that under Rule 18, T.R.C.P., the successor judge should approve the statement of facts. Appellant contends that Article 2248, V.A.T.S., applies and that the judge who tried the case shall approve the statement of facts.

Literally neither controls this particular case. Here the court's term did not expire. He resigned. Article 2248 contemplates the expiration of the term of office for which a judge was elected. Rule 18 was intended to avoid the effect of the rule that a term of court ended when a vacancy in the judgeship occurred.

However, there being no rule or statute that controls the precise facts before us, we must rest our decision on the law in the absence of such. We think the decision of our Supreme Court in Storrie v. Shaw, 96 Tex. 618, 75 S.W. 20, controlling and under the principles there announced, Judge Peden, the judge who tried the case, properly approved the statement of facts.

Appellant contends the verdict of the jury is so contrary to the overwhelming weight.

and preponderance of the evidence as to be clearly wrong.

We have read the entire statement of facts and have concluded that we cannot say the verdict was so contrary to the overwhelming weight and preponderance of the evidence as to be wrong and unjust. No useful purpose would be served by setting out or discussing the testimony.

Appellant next complains the court erred in admitting the testimony of Busch, Herron and Manning as to the market value of the property condemned because they were allegedly not qualified as experts. It is true they were not in the real estate business, but we think they were shown to have been sufficiently acquainted with the property and with values in that area to be able to express an opinion. We think this complaint is controlled by the case of City of Trinity v. McPhail et ux, Tex.Civ.App., 131 S.W.2d 803, no writ hist. There are numerous authorities are reviewed and discussed.

The judgment of the trial court is affirmed.