Richard M. WEAVER et ux., Appellants,

v.

TOM FELTON, INC. et al., Appellees.

No. 10874.

Court of Civil Appeals of Texas.

Austin.

May 3, 1961.

Rehearing Denied May 17, 1961.

Adams & Browne, Beaumont, for appellants.

Keith, Mehaffy, McNicholas & Weber, Dewey J., Gonsoulin, Beaumont, for appellees.

HUGHES, Justice.

This suit was brought by appellants, Richard M. Weaver and wife Stella Weaver, against Tom Felton, Inc., Leonard Campbell and Tom Felton, to recover damages resulting from injuries sustained by Mrs. Weaver in an automobile collision between a Chevrolet Pick-up vehicle driven by Mrs. Weaver and an automobile owned by Tom Felton, Inc., and operated by Leonard Campbell, occurring May 18, 1954, within the City limits of Beaumont.

The case was tried to a jury which returned its verdict November 4, 1955. This verdict found both parties guilty of negligence proximately causing the collision.

Appellants filed a motion for judgment notwithstanding the verdict. This motion was not presented to the court until May 31,

1960, and thereafter, August 15, 1960, the court entered final judgment overruling this motion and granting appellees' motion for judgment on the verdict [1] and rendering judgment that appellants take nothing by their suit. [2]

Appellants' first point is that the court erred in entering judgment on the verdict because of the long lapse of time, about five years and ten court terms after the verdict was returned.

It was stipulated that this long delay was not due to any fault of the Trial Judge.

██ It is too well settled to require extended discussion that a court may, after term time, render and enter judgment nunc pro tunc in a proper case. A proper case is a case which is "fully ripe for judgment before the end of the term at which it was tried." A case is "ripe for judgment" when the answers to special issues in a jury verdict are conclusive of the right of one of the parties to a judgment in his favor. Williams v. Wyrick, 151 Tex. 40, 245 S.W. 2d 961, 962.

The necessary effect of the jury verdict herein finding appellants guilty of contributory negligence was clear and plain and required judgment to be entered for appellees. This the Trial Court did, and there was ample authority for and no error in so doing.

Appellants cite, among other authorities, Turner v. Texas Sportservice, Inc., Tex. Civ.App., San Antonio, 312 S.W.2d 388, writ ref., N.R.E. This case holds that a Trial Court has no power to render judgment non obstante veredicto at the second term of the court succeeding the term at which the case was tried. This is undoubtedly correct since this motion called for the exercise of judicial discretion. McDonnell-Perkins Builders, Inc. v. Cranford, Tex.Civ.

App., Fort Worth, 328 S.W.2d 800, writ ref., N.R.E.

██ These authorities confirm the lack of power of the court below to have granted appellants' motion, but they do not impinge upon its power and duty to grant, as it did, appellees' motion for judgment on the verdict.

Appellants' remaining points, jointly briefed, are that the judgment (verdict) was, generally, against the great weight and overwhelming preponderance of the evidence, and specifically, that jury findings of contributory negligence were so tainted, and that the court erred in overruling its motion for judgment notwithstanding the verdict.

Appellants' contention under these points is that they cannot be fully or properly appraised in the absence of a complete statement of facts, and that it is impossible now for a complete statement of facts to be obtained.

Appellants filed a motion for the court reporter to be required to file a complete statement of facts. A hearing was had on this motion and we quote from the court's order entered thereon:

" * * * in November, 1955, the Court Reporter was requested by Gilbert T. Adams, attorney for the plaintiffs, to prepare a complete transcript in question and answer form of all the evidence adduced on the trial of this case except for the testimony of the medical witness, Dr. Gibson, and the picture exhibits, and that pursuant to and in compliance with such request the Court Reporter did prepare a transcript of such requested evidence in question and answer form from her stenographic notes, and delivered the original thereof to the plaintiffs' attor-

1. This motion is not found in the transcript. See Wright v. Longhorn Drilling Corp., Tex.Civ.App., Austin, 202 S.W.2d 285, writ. ref., holding such motion to be unnecessary.

2. This judgment does not expressly run in favor of appellee Tom Felton, individually, but by implication we so construe it.

ney in November, 1955, and that after the expiration of four years the Court Reporter destroyed her stenographic notes of the record and the picture exhibits in the cause, and it further appearing to the Court and the Court finding that the Court Reporter has prepared in question and answer form a transcript of all the evidence adduced on the trial of this cause except for the testimony of the medical witness, Dr. Gibson, and the picture exhibits, which Statement of Facts was used by the attorney for the plaintiffs in argument of their motion for judgment non obstante veredicto, and the Court is unable to supply or prepare a complete Statement of Facts only because of the absence of the picture exhibits and the stenographic notes pertaining to the testimony of the medical witness, and therefore the Court cannot require said Court Reporter to prepare a complete Statement of Facts because of the absence of such picture exhibits, and medical testimony; and therefore it would be useless to enter an order directing the Court Reporter to prepare a complete Statement of Facts with picture exhibits in this cause but that the Court Reporter can file the Statement of Facts in question and answer form which she has previously prepared in compliance with the plaintiffs' attorney's request, it is therefore,

"Ordered, Adjudged and Decreed that plaintiffs' motion to require the Court Reporter to prepare a statement of facts complete with picture exhibits be and it is hereby overruled and denied, and it is further,

"Ordered, Adjudged and Decreed that the Statement of Facts heretofore prepared by the Court Reporter in compliance with the plaintiffs' attorney's request which the Court finds is a complete Statement of Facts except for the picture exhibits and the testimony of Dr. Gibson bearing on the issue of damages above, be filed with the

District Clerk after it has been properly authenticated in accordance with the applicable Rules of Civil Procedure."

■ Appellants' point that the judgment entered is against the weight and preponderance of the evidence is too general to be considered. Their points that specific jury findings are against the weight and preponderance of the evidence are not briefed on their merits and hence are waived unless the partial statement of facts is insufficient for proper briefing and presentation of these points. We do not agree that it is insufficient for this purpose.

■ Appellants, citing In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, rely upon the rule that this Court in exercising its peculiar constitutional fact jurisdiction must consider and weigh *all* the evidence in order to set aside a jury verdict as being against the great weight and preponderance of the evidence. We construe this direction of the Supreme Court to require us to consider only the evidence which bears some relation to the challenged finding.

Appellants do not claim that any of the omitted evidence is relevant to the specific jury findings which they challenge as being against the weight of the evidence.

Our rules specifically provide that matters not essential to a decision of the questions presented on appeal shall be omitted from the statement of facts. Rule 377, Texas Rules of Civil Procedure. Appellants, apparently with this rule in mind, originally ordered an incomplete statement of facts, expressly directing exclusion of the evidence about the omission of which they now complain.

It is our opinion that appellants have not been deprived of a statement of facts adequate to the presentation of the points under discussion and that such points have been waived by appellants' failure to brief them.

Appellants' point that the court erred in overruling its motion for judgment not-

withstanding the verdict is not briefed and is waived.

The judgment of the Trial Court is affirmed.

Affirmed.